UNITED STATES OF AMERICA FEDERAL DISTRICT COURT
FOR
THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                                              DOCKET NUMBER

05 11350

```
*******************************
RICHARD LIVINGSTON              *
        Plaintiff               *
                                *
v.                              *
                                *
MORTGAGE SERVICE CENTER,        *
INC.; CUMEX, INC.;              *
RAH FEDERAL CREDIT, UNION;      *
CHITTENDEN BANK AND             *
VICTORIA SCHEPPS                *
                                *
        Defendants              *
*******************************
```

## COMPLAINT AND JURY CLAIM

### I.   JURISDICITION

1.   The Court has personal and subject matter jurisdiction over the issues raised in his case pursuant to 28 USC 1331 presentment of a Federal Question and 28 USC Diversity of Citizenship

### II   THE PARTIES

2.   The Plaintiff, Richard Livingston is a natural person residing at all times relevant at 149 Warren Avenue, Milton, Massachusetts.

3.   The Defendant, RAH Federal Credit Union is a Credit Union organized under the laws of the United States of America and the Commonwealth of Massachusetts with a usual place of business in Randolph Massachusetts and doing business throughout the Commonwealth of Massachusetts.

4.  The Defendant, Mortgage Service Center, Inc. is a Massachusetts Corporation doing business through out the Commonwealth of Massachusetts.

5.  The Defendant, Cumex Inc, is a Massachusetts Corporation doing business through out the Commonwealth of Massachusetts.

6.  The Defendant, Chittenden Bank is a Vermont Corporation and Citizen doing business throughout New England including but not limited to the Commonwealth of Massachusetts.

7.  The Defendant, Victoria Schepps is a natural person residing within the Commonwealth of Massachusetts.

### III.   GENERAL FACTS AND ALLEGATIONS

8.  Richard Livingston and his former spouse Margaret Clifford were divorced pursuant to a judgment issued by the Norfolk County Probate and Family Court on December 14, 1998.

9.  Richard Livingston and his former spouse, Margaret Clifford jointly own property located at 15 Quarry Lane, Town of Milton, County of Norfolk, Commonwealth of Massachusetts, from 1987 to present.

10. Pursuant to the Judgment of Divorce Ms. Clifford is entitled to reside at the property located at 15 Quarry Lane, Milton, Massachusetts, until the youngest child graduates from High School or attains the age of 18. Following these events the jointly owned property is to be sold and the proceeds divided between Richard Livingston and Margaret Clifford.

11. On or about May 24, 2001 the Norfolk County and Probate Court entered an order which states "The former wife shall have the right to refinance the first and second mortgages with respect to the former marital home in order to satisfy the existing first and second mortgages and to pay outstanding marital debt if she so elects."

12. On or about May 24, 2001 the Court also ordered "the former husband shall not be required to sign any documents in connection with former spouse's effort to refinance the outstanding mortgages and existing marital debt."

13. The Justice from the bench also ordered orally that the wife would not be able to refinance the property without the signature of the Plaintiff The court order clearly states that the Court would not require said signature.

14. In May/June Margaret Clifford the former spouse of Plaintiff Richard Livingston applied for a mortgage with RAH Federal Credit Union and the Chittenden Bank.

15. On or before the approval of the mortgage application the Defendants were aware of the Court Order dated May 24, 2001 which placed restrictions upon the amount of any mortgage, the terms of the mortgage and the purpose for which the proceeds could be used.

16. The application for a mortgage was approved by Defendants

17. On or about July 27, 2001 a closing took place involving Margaret Clifford the former spouse of Richard Livingston.

18. Attorney Victoria Schepps was retained by the defendant's to act as the closing agent and Attorney at this closing and so acted at all times relevant.

19. Attorney Victoria Schepps was aware of the May 24, 2001 Court Order prior to the closing of the loan on July 27, 2001.

20. Attorney Victoria Schepps was aware of the May 24, 2001 Court Order at the time that she disbursed the proceeds of the loan.

21. Plaintiff Richard Livingston filed a petition in 2000/2001 for protection Under Chapter 7 of the United States Bankruptcy Code thereby triggering the provisions of the Automatic Stay.

22. At all times relevant both before and after the closing of July 27, 2001 Attorney Victoria Schepps was the Defendants agent, employee and/or servant.

23. On July 27, 2001 the United States Bankruptcy Court granted a discharge to the Plaintiff. In doing so the Bankruptcy Trustee abandoned any claim the unsecured creditors may have had with respect to the property located at 15 Quarry Lane, Town of Milton, County of Norfolk pending final approval of presiding Bankruptcy Judge.

24. The amount of the mortgage was for a sum far in excess of what was necessary to accomplish the stated purpose pursuant to the order issued by the court.

25. Attorney Victoria Schepps disbursed, as closing agent, the monies from the loan following the closing.

26. The disbursal of the monies from the closing failed to satisfy the existing first and second mortgages and to pay outstanding marital debt only.

27. At the closing excess funds were disbursed to the former spouse and to pay off personal loans of the plaintiff's former spouse.

28. At no time during the application process or the closing was Plaintiff Richard Livingston made aware by either his former spouse, the lenders/Defendant's that his former spouse had applied for or been granted a mortgage which was secured by the jointly owed property located at 15 Quarry Lane, Milton, Massachusetts.

29. Plaintiff Richard Livingston became aware of the closing and new mortgage approximately August 17, 2001, ten days after the closing.

30. At all times the defendant parties to this action were aware that Plaintiff Richard Livingston was the joint property owner, which was the security for the mortgage closed on July 27, 2001 between the defendant lenders and the Plaintiff's former spouse, Margaret Clifford.

31. At all times the defendant parties to this action knew or should have been aware that Plaintiff Richard Livingston's former spouse had been granted permission to refinance the property for a very specific purpose.

32. At all times the defendant parties to this action were aware or should have been aware that the Plaintiff had not been notified of the closing or even the loan application.

33. At all times the defendant parties to this action and their agent Victoria Schepps had a responsibility to notify Plaintiff Richard Livingston of the closing and to undertake the disbursements of the monies in accordance with the Court order of May 24, 2001

34. At all times the defendant parties to this action had a duty to act in accordance with the Court order of the Norfolk Probate and Family Court dated May 24, 2001

35. At all times the defendant parties to this action had a duty to disburse monies only in accordance with the Order of the Court dated May 24, 2001.

36. At all times the defendant parties to this action had a duty to ensure that all marital debt, liens and mortgages were properly discharged.

37. At all times the defendant parties to this action accepted the application for a mortgage secured by the jointly owned property located at 15 Quarry Lane, Milton, Massachusetts while the property was under the control of the United States Bankruptcy Court.

38. At all times the defendant parties to this action failed to notify Richard Livingston or the Bankruptcy Trustee of the mortgage application or its approval.

39. At all times the parties to this action allowed the impairment of Plaintiff Richard Livingston's ownership interest in the property without notifying him and without his consent.

## IV.  CAUSES OF ACTION COUNT 1
### RICHARD LIVINGSTON V. CHITTENDEN BANK
### (VIOLATION OF CHAPTER 93A.)

40. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 39 as if specifically repeated and further alleges:

41. The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93A M.G.L.A.

42. On May 2, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant under chapter 93a.

43. The Defendant failed to tender a reasonable settlement offer in accordance with the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

### COUNT 2
### RICHARD LIVINGSTON V. MORTGAGE SERVICE CENTER, INC.
### (VIOLATION OF CHAPTER 93A.)

44. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 43 as if specifically repeated and further alleges:

45. The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93A M.G.L.A.

46. On May 2, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant under chapter 93a.

47. The Defendant failed to tender a reasonable settlement offer in accordance with the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

## COUNT 3
## RICHARD LIVINGSTON V. CUMEX INC.
## (VIOLATION OF CHAPTER 93A.)

48.   The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 47 as if specifically repeated and further alleges:

49.   The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93A M.G.L.A.

50.   On May 2, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant under chapter 93a.

51.   The Defendant failed to tender a reasonable settlement offer in accordance wit(h) the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

## COUNT 4
## RICHARD LIVINGSTON V. RAH FEDERAL CREDIT UNION
## (VIOLATION OF CHAPTER 93A.)

52.   The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 51 as if specifically repeated and further alleges:

53.   The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93A M.G.L.A.

54.   On May 2, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant under chapter 93a.

55.   The Defendant failed to tender a reasonable settlement offer in accordance wit the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

## COUNT 5
### RICHARD LIVINGSTON V. VICTORIA SCHEPPS
### (VIOLATION OF CHAPTER 93A.)

56.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 55 as if specifically repeated and further alleges:

56.    The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93A M.G.L.A.

57.    On May 16, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant under chapter 93a.

58.    The Defendant failed to tender a reasonable settlement offer in accordance wit h the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

## COUNT 6
### RICHARD LIVINGSTON V. , CHITTENDEN BANK
### (NEGLIGENT HIRING AND SUPERVISION

59.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 59 as if specifically repeated and further alleges:

   60.    Defendant Victoria Schepps as the closing agent was the employee, servant and/or agent of the Defendant.

   61.    61. The Defendant failed to train, and supervise Victoria Schepps.

62.    The Defendant is responsible for the negligent acts, and omissions of its agent/servant as specified above.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 7
### RICHARD LIVINGSTON V. , MORTGAGE SERVICE CENTER
### (NEGLIGENT HIRING AND SUPERVISION

63. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 63 as if specifically repeated and further alleges:

64. Defendant Victoria Schepps as the closing agent was the employee, servant and/or agent of the Defendant

65. The Defendant failed to train, and supervise Victoria Schepps.

66. The Defendant is responsible for the negligent acts, and omissions of its agent/servant as specified above.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

### COUNT 8
### RICHARD LIVINGSTON V. CUMEX, INC.
### (NEGLIGENT HIRING AND SUPERVISION)

67. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 67 as if specifically repeated and further alleges:

68. Defendant Victoria Schepps as the closing agent was the employee, servant and/or agent of the Defendant.

69. The Defendant failed to train, and supervise Victoria Schepps.

70. The Defendant is responsible for the negligent acts and omissions of its agent/servant as specified above.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

### COUNT 9
### RICHARD LIVINGSTON V. RAH FEDERAL CREDIT UNION
### (NEGLIGENT HIRING AND SUPERVISION)

71. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 71 as if specifically repeated and further alleges:

72. Defendant Victoria Schepps as the closing agent was the employee, servant and/or agent of the Defendant.

73. The Defendant failed to train, and supervise Victoria Schepps.

74. The Defendant is responsible for the negligent acts and omissions of its agent/servant as specified above.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 10
## RICHARD LIVINGSTON V. CHITTENDEN BANK
## (VIOLATION OF THE FEDERAL TRADE ACT

75. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 74 as if specifically repeated and further alleges:

76. The Defendants Acts and omissions as described above also constitutes a violation of the Federal Trade Act.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 11
## RICHARD LIVINGSTON V. , MORTGAGE SERVICE CENTER, INC
## FEDERAL TRADE ACT

77. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 76 as if specifically repeated and further alleges:

78. The Defendants Acts and omissions as described above also constitutes a violation of the Federal Trade Act.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 12
## RICHARD LIVINGSTON V. CUMEX, INC.
## FEDERAL TRADE ACT

79. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 79 as if specifically repeated and further alleges:

80. The Defendants Acts and omissions as described above also constitutes a violation of the Federal Trade Act.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 13
### RICHARD LIVINGSTON V. RAH FEDERAL CREDIT UNION
### (VIOLATION OF FEDERAL TRADE ACT)

81. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 61 as if specifically repeated and further alleges:

82. .The Defendants Acts and omissions as described above also constitutes a violation of the Federal Trade Act.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 14
### RICHARD LIVINGSTON V. CHITTENDEN BANK
### (BANKING FRAUD)

82. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 82 as if specifically repeated and further alleges:

83. The Defendants Acts and ommissions as described above also constitutes bank Fraud.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 15
### RICHARD LIVINGSTON V. MORTGAGE SERVICE CENTER INC.
### (BANK FRAUD)

84. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 84 as if specifically repeated and further alleges:

85. The Defendants acts and omissions as described above also constitutes constitutes bank Fraud.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 16
## RICHARD LIVINGSTON V. CUMEX, INC.
## (BANK FRAUD)

86. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 85 as if specifically repeated and further alleges:

87. The Defendants Acts and omissions as described above also constitutes constites bank Fraud.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 17
## RICHARD LIVINGSTON V. RAH FEDERAL CREDIT UNION
## (BANK FRAUD)

88. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 88 as if specifically repeated and further alleges:

90. The Defendants Acts and omissions as described above also constitutes Bank Fraud

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 18
## RICHARD LIVINGSTON V. CHITTENDEN BANK
## (VIOLTATION OF UNITED STATES BANKRUPCY CODE)

91. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 90 as if specifically repeated and further alleges:

92. The Defendants Acts errors and omissions as described above also constitutes of the Automatic Stay provisions of the United States Bankruptcy Code.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 19
### RICHARD LIVINGSTON V. MORTGAGE SERVICE CENTER INC.
### (VIOLTATION OF UNITED STATES BANKRUPCY CODE)

93.  The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 92 as if specifically repeated and further alleges:

94.  The Defendants Acts and omissions as described above also constitutes of the Automatic Stay provisions of the United States Bankruptcy Code.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 20
### RICHARD LIVINGSTON V. CUMEX MORTGAGE SERVICE CENTER, INC.
### (VIOLTATION OF UNITED STATES BANKRUPCY CODE)

95.  The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 94 as if specifically repeated and further alleges:

96.  The Defendants Acts and omissions as described above also constitutes of the Automatic Stay provisions of the United States Bankruptcy Code.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

## COUNT 21
### RICHARD LIVINGSTON V. RAH FEDERAL CREDIT UNION
### (VIOLTATION OF UNITED STATES BANKRUPCY CODE)

97.  The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 96 as if specifically repeated and further alleges:

98.  The Defendants Acts and omissions as described above also constitutes of the Automatic Stay provisions of the United States Bankruptcy Code.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant in an amount to be determined by a Judge or Jury.

Respectfully Submitted
Richard Livingston
By his Attorney,

_____
William E. Gately, Jr.
BBO#: 549132
Law Office of William E. Gately, Jr.
400 Washington Street
P.O. Box 850920
Braintree, MA  02185
(781) 848-1200

**THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES**

&JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

**DEFENDANTS**
Mortgage Service Center et al

**(b)** County of Residence of First Listed Plaintiff   Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   M. dilese
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William E. Gately, Jr / Braintree MA 02185
PO Box 850920

Attorneys (If Known)
05 11350 MLW

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1338, 28 USC 5258
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  6/27/05
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Richard Livingston v. Mortgage Service Cent. Etc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   __ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   __ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ✗ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,    __ 11350 MLW
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   __ IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐     Central Division ☐     Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☒     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __William E. Gately Jr__
ADDRESS __PO Box 850920 Braintree, MA 02185__
TELEPHONE NO. __781-848-1200__

(CategoryForm.wpd -5/2/05)