# UNITED STATES OF AMERICA FEDERAL DISTRICT COURT
## FOR
## THE DISTRICT OF MASSACHUSETTS

**SUFFOLK, SS**                    **DOCKET NUMBER 05-CV-11350-MLW**

```
************************************
RICHARD LIVINGSTON                *
                                  *
          Plaintiff, Pro Se       *
                                  *
      Vs.                         *
                                  *
MORTGAGE SERVICE CENTER, INC.;    *
CUMEX, INC.;                      *
 RAH FEDERAL CREDIT UNION;        *
CHITTENDEN BANK AND               *
VICTORIA SCHEPPS                  *
                                  *
          Defendants              *
************************************
```

**AMENDED COMPLAINT**

## COMPLAINT AND JURY CLAIM

## I. JURISDICTION

1.    The Court has personal and subject matter jurisdiction over the issues raised in his case pursuant to 28 USC 1331 presentment of a Federal Question and 28 USC Diversity of Citizenship

## II. THE PARTIES

2.    The Plaintiff, Richard Livingston is a natural person residing at all times relevant at 149 Warren Avenue, Milton, and Massachusetts.

3.    The Defendant, RAH Federal Credit Union is a Credit Union organized under the laws of the United States of America and the Commonwealth of Massachusetts with a usual place of business in Randolph Massachusetts and doing business throughout the Commonwealth of Massachusetts.

4.      The Defendant, Mortgage Service Center, Inc. is a Massachusetts Corporation doing business through out the Commonwealth of Massachusetts.

5.      The Defendant, Cumex Inc, is a Massachusetts Corporation doing business through out the Commonwealth of Massachusetts.

6.      The Defendant, Chittenden Bank is a Vermont Corporation and Citizen doing business throughout New England including but not limited to the Commonwealth of Massachusetts.

7.      The Defendant, Victoria Schepps is a natural person residing within the Commonwealth of Massachusetts.

### III. GENERAL FACTS AND ALLEGATIONS

8.      Richard Livingston and his former spouse Margaret Clifford were divorced pursuant to a judgment issued by the Norfolk County Probate and Family Court on December 14, 1998.

9.      Richard Livingston and his former spouse, Margaret Clifford jointly own property located at 15 Quarry Lane, Town of Milton, County of Norfolk, Commonwealth of Massachusetts, from 1987 to present.

10.     Pursuant to the Judgment of Divorce Ms. Clifford is entitled to reside at the property located at 15 Quarry Lane, Milton, Massachusetts, until the youngest child graduates from High School or attains the age of 18. Following these events the jointly owned property is to be sold and the proceeds divided between Plaintiff Richard Livingston and Margaret Clifford.

11.     On May 24, 2001 the Norfolk County and Probate Court entered an order which states "The former wife shall have the right to refinance the first and second mortgages with respect to the former marital home in order to satisfy the existing first and second mortgages and to pay outstanding marital debt if she so elects."

12.     On or about May 24, 2001 the Court also ordered "the former husband shall not be required to sign any documents in connection with former spouse's effort to refinance the outstanding mortgages and existing marital debt."

13.     The Justice from the bench also ordered orally that the wife would not be able to refinance the property without the signature of the Plaintiff Richard Livingston and the presiding judge was quite clear in his statement court order clearly states that the Court would not require said signature.

14.    In May/June Margaret Clifford the former spouse of Plaintiff Richard Livingston applied for a mortgage with RAH Federal Credit Union and the Chittenden Bank d/b/a Mortgage Service Center, Inc.

15.    On or before the approval of the mortgage application the Defendants were aware of the Court Order dated May 24, 2001 which placed restrictions upon the amount of any mortgage, the terms of the mortgage and the purpose for which the proceeds could be used.

16.    The application for a mortgage was approved by Defendant Company's.

17.    On or about July 27, 2001 a closing took place involving Margaret Clifford the former spouse of Plaintiff Richard Livingston.

18.    Attorney Victoria Schepps was retained by the Defendant Companies to act as the closing agent and Attorney at this closing and so acted at all times relevant. Including Certified Title search agent with inherent responsibility to the due diligence on the title search.

19.    Attorney Victoria Schepps was aware of the May 24, 2001 Court Order prior to the closing of the loan on July 27, 2001.

20.    Attorney Victoria Schepps was aware of the May 24, 2001 Court Order at the time that she disbursed the proceeds of the loan.

21.    Plaintiff Richard Livingston filed a petition in 2000/2001 for protection Under Chapter 7 of the United States Bankruptcy Code thereby triggering the provisions of the Automatic Stay.

22.    At all times relevant both before and after the closing of July 27, 2001 Attorney Victoria Schepps was the Defendants agent, employee and/or servant.

23.    On July 27, 2001 the United States Bankruptcy Court granted a discharge to the Plaintiff. In doing so the Bankruptcy Trustee abandoned any claim the unsecured creditors may have had with respect to the property located at 15 Quarry Lane, Town of Milton, and County of Norfolk pending final approval of presiding Bankruptcy Judge. This would also include the debtors' rights to retain protection on his home and auto for one year from the aforementioned date.

24.    The amount of the mortgage was for a sum far in excess of what was necessary to accomplish the stated purpose pursuant to the order issued by the court.

25.    Attorney Victoria Schepps disbursed, as closing agent, the monies from the loan following the closing.

26. The disbursal of the monies from the closing failed to satisfy the existing first and second mortgages and to pay outstanding marital debt only.

27. At the closing excess funds were disbursed to the former spouse and to pay off personal loans of the plaintiff's former spouse.

28. At no time during the application process or the closing was Plaintiff Richard Livingston made aware by either his former spouse, the Lenders/Defendant's that his former spouse had applied for or been granted a mortgage which was secured by the jointly owed property located at 15 Quarry Lane, Milton, Massachusetts.

29. Plaintiff Richard Livingston became aware of the closing and new mortgages approximately August 17, 2001, ten days after the closing.

30. At all times the defendant parties to this action were aware that Plaintiff Richard Livingston was the joint property owner, which was the security for the mortgage closed on July 27, 2001 between the defendant lenders and the Plaintiff's former spouse, Margaret Clifford.

31. At all times the defendant parties to this action knew or should have been aware that Plaintiff Richard Livingston's former spouse had been granted permission to refinance the property for a very specific purpose.

32. At all times the defendant parties to this action were aware or should have been aware that the Plaintiff had not been notified of the closing or even the loan application.

33. At all times the defendant parties to this action and their agent Victoria Schepps had a responsibility to notify Plaintiff Richard Livingston of the closing and to undertake the disbursements of the monies in accordance with the Court order of May 24, 2001

34. At all times the defendant parties to this action had a duty to act in accordance with the Court order of the Norfolk Probate and Family Court dated May 24, 2001

35. At all times the defendant parties to this action had a duty to disburse monies only in accordance with the Order of the Court dated May 24, 2001 and the Divorce Nici of December 14, 1998 without deviation.

36. At all times the defendant parties to this action had a duty to ensure that all marital debt, liens and mortgages were properly discharged.

37. At all times the defendant parties to this action accepted the application for a mortgage secured by the jointly owned property located at 15 Quarry Lane, Milton, Massachusetts while the property was under the control of the United States Bankruptcy Court.

38.    At all times the defendant parties to this action failed to notify Plaintiff Richard Livingston or the Bankruptcy Trustee of the mortgage application or its approval.

39.    At all times the parties to this action allowed the impairment of Plaintiff Richard Livingston's ownership interest in the property without notifying him and without his consent in violation of privacy and bankruptcy law.

## IV.    CAUSES OF ACTION COUNT 1
### RICHARD LIVINGSTON Vs. CHITTENDEN BANK
### (VIOLATION OF CHAPTER 93A.)

40.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 39 as if specifically repeated and further alleges:

41.    The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93 M.G.L.A.

42.    On May 2, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant Chittenden Bank under chapter 93a.

43.    The Defendant Chittenden Bank failed to tender a reasonable settlement offer in accordance with the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Chittenden Bank in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

### COUNT 2
### RICHARD LIVINGSTON Vs. MORTGAGE SERVICE CENTER, INC.
### (VIOLATION OF CHAPTER 93A.)

44.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 43 as if specifically repeated and further alleges:

45.    The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93 M.G.L.A.

46.    On May 2, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant Mortgage Service Center, Inc. under chapter 93a.

47.     The Defendant Mortgage Service Center, Inc. failed to tender a reasonable settlement offer in accordance wit h the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Mortgage Service Center, Inc. in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

### COUNT 3
### RICHARD LIVINGSTON Vs. CUMEX INC.
### (VIOLATION OF CHAPTER 93A.)

48.     The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 47 as if specifically repeated and further alleges:

49.     The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93 M.G.L.A.

50.     On May 2, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant Cumex Inc. under chapter 93a.

51.     The Defendant Cumex, Inc. failed to tender a reasonable settlement offer in accordance with the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Cumex, Inc. in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

### COUNT 4
### RICHARD LIVINGSTON Vs. RAH FEDERAL CREDIT UNION
### (VIOLATION OF CHAPTER 93A.)

52.     The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 51 as if specifically repeated and further alleges:

53.     The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93 M.G.L.A.

54.     On May 2, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant RAH Federal Credit Union under chapter 93a.

55.     The Defendant RAH Federal Credit Union failed to tender a reasonable settlement offer in accordance wit the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant RAH Federal Credit Union in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

## COUNT 5
### RICHARD LIVINGSTON Vs. VICTORIA SCHEPPS (VIOLATION OF CHAPTER 93A.)

56.     The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 55 as if specifically repeated and further alleges:

56.     The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93 M.G.L.A.

57.     On May 16, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant Victoria Schepps under chapter 93a.

58.     The Defendant Victoria Schepps failed to tender a reasonable settlement offer in accordance wit h the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Victoria Schepps in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

## COUNT 6
### RICHARD LIVINGSTON Vs. CHITTENDEN BANK (NEGLIGENT HIRING AND SUPERVISION

59.     The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 59 as if specifically repeated and further alleges:

   60.     Defendant Victoria Schepps as the closing agent was the employee, servant and/or agent of the Defendant.

   61.     61. The Defendant Chittenden Bank failed to train, and supervise Victoria Schepps.

62.     The Defendant Chittenden Bank is responsible for the negligent acts, and omissions of its agent/servant as specified above.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Chittenden Bank in an amount to be determined by a Judge or Jury.

## COUNT 7

### RICHARD LIVINGSTON Vs. MORTGAGE SERVICE CENTER (NEGLIGENT HIRING AND SUPERVISION)

63.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 63 as if specifically repeated and further alleges:

64.    Defendant Victoria Schepps as the closing agent was the employee, servant and/or agent of the Defendant

65.    The Defendant Mortgage Service Center, Inc. failed to train, and supervise Victoria Schepps.

66.    The Defendant Mortgage Service Center, Inc. is responsible for the negligent acts, and omissions of its agent/servant as specified above.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Mortgage Service Center, Inc. in an amount to be determined by a Judge or Jury.

### COUNT 8
### RICHARD LIVINGSTON Vs. CUMEX, INC. (NEGLIGENT HIRING AND SUPERVISION)

67.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 67 as if specifically repeated and further alleges:

68.    Defendant Victoria Schepps as the closing agent was the employee, servant and/or agent of the Defendant.

69.    The Defendant Cumex, Inc. failed to train, and supervise Victoria Schepps.

70.    The Defendant Cumex, Inc. is responsible for the negligent acts and omissions of its agent/servant as specified above.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Cumex, Inc. in an amount to be determined by a Judge or Jury.

### COUNT 9
### RICHARD LIVINGSTON Vs. RAH FEDERAL CREDIT UNION (NEGLIGENT HIRING AND SUPERVISION)

71.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 71 as if specifically repeated and further alleges:

72.    Defendant Victoria Schepps as the closing agent was the employee, servant and/or agent of the Defendant.

73.    The Defendant RAH Federal Credit Union failed to train, and supervise Victoria Schepps.

74.    The Defendant RAH Federal Credit Union is responsible for the negligent acts and omissions of its agent/servant as specified above.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant RAH Federal Credit Union in an amount to be determined by a Judge or Jury.

## COUNT 10
## RICHARD LIVINGSTON Vs. CHITTENDEN BANK
## (VIOLATION OF THE FEDERAL TRADE ACT

75.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 74 as if specifically repeated and further alleges:

76.    The Defendants Acts and omissions as described above also constitutes' a violation of the Federal Trade Act.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Chittenden Bank in an amount to be determined by a Judge or Jury.

## COUNT 11

## RICHARD LIVINGSTON Vs. MORTGAGE SERVICE CENTER, INC
## FEDERAL TRADE ACT

77.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 76 as if specifically repeated and further alleges:

78.    The Defendants Acts and omissions as described above also constitute a violation of the Federal Trade Act.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Mortgage Service Center, Inc. in an amount to be determined by a Judge or Jury.

## COUNT 12
## RICHARD LIVINGSTON Vs. CUMEX, INC.
## FEDERAL TRADE ACT

79. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 79 as if specifically repeated and further alleges:

80. The Defendants Acts and omissions as described above also constitute a violation of the Federal Trade Act.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Cumex Inc. in an amount to be determined by a Judge or Jury.

## COUNT 13
## RICHARD LIVINGSTON Vs. RAH FEDERAL CREDIT UNION
## (VIOLATION OF FEDERAL TRADE ACT)

81. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 61 as if specifically repeated and further alleges:

82. .The Defendants Acts and omissions as described above also constitutes a violation of the Federal Trade Act.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant RAH Federal Credit Union in an amount to be determined by a Judge or Jury.

## COUNT 14
## RICHARD LIVINGSTON Vs. CHITTENDEN BANK
## (BANK FRAUD)

82. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 82 as if specifically repeated and further alleges:

83. The Defendants Acts and omissions as described above also constitutes bank Fraud.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Chittenden Bank in an amount to be determined by a Judge or Jury.

## COUNT 15
## RICHARD LIVINGSTON Vs. MORTGAGE SERVICE CENTER INC.
## (BANK FRAUD)

84. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 84 as if specifically repeated and further alleges:

85.    The Defendants acts and omissions as described above also constitutes constitutes bank Fraud.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Mortgage Service Center, Inc. in an amount to be determined by a Judge or Jury.

## COUNT 16
## RICHARD LIVINGSTON Vs. CUMEX, INC.
## (BANK FRAUD)

86.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 85 as if specifically repeated and further alleges:

87.    The Defendants Acts, errors and omissions as described above also constitutes constites bank Fraud.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Cumex Inc. in an amount to be determined by a Judge or Jury.

## COUNT 17
## RICHARD LIVINGSTON Vs. RAH FEDERAL CREDIT UNION
## (BANK FRAUD)

88..    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 88 as if specifically repeated and further alleges:

90.    The Defendants Acts and omissions as described above also constitutes Bank Fraud

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant RAH Federal Credit Union in an amount to be determined by a Judge or Jury.

## COUNT 18
## RICHARD LIVINGSTON Vs. CHITTENDEN BANK
## (VIOLATION OF UNITED STATES BANKRUPCY CODE)

91.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 90 as if specifically repeated and further alleges:

92.    The Defendants Acts errors and omissions as described above also constitutes of the Automatic Stay provisions of the United States Bankruptcy Code.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Chittenden Bank in an amount to be determined by a Judge or Jury.

## COUNT 19

## RICHARD LIVINGSTON Vs. MORTGAGE SERVICE CENTER INC. (VIOLATION OF UNITED STATES BANKRUPCY CODE)

93.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 92 as if specifically repeated and further alleges:

94.    The Defendants Acts and omissions as described above also constitutes of the Automatic Stay provisions of the United States Bankruptcy Code.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Mortgage Service Center, Inc. in an amount to be determined by a Judge or Jury.

## COUNT 20
## RICHARD LIVINGSTON Vs. CUMEX, INC. (VIOLATION OF UNITED STATES BANKRUPCY CODE)

95.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 94 as if specifically repeated and further alleges:

96.    The Defendants Acts, errors and omissions as described above also constitutes of the Automatic Stay provisions of the United States Bankruptcy Code.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant Cumex Inc. in an amount to be determined by a Judge or Jury.

## COUNT 21
## RICHARD LIVINGSTON Vs. RAH FEDERAL CREDIT UNION (VIOLATION OF UNITED STATES BANKRUPCY CODE)

97.    The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 96 as if specifically repeated and further alleges:

98.    The Defendants Acts and omissions as described above also constitutes of the Automatic Stay provisions of the United States Bankruptcy Code.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant RAH Federal Credit Union in an amount to be determined by a Judge or Jury.

Richard Livingston
Pro Se,

Richard Livingston
149 Warren Avenue
Milton, Massachusetts 02186-2009

617-698-4333 HM 617-620-0441 CELL

## THE PLAINTIFF PRO SE REQUESTS A TRIAL BY JURY ON ALL ISSUES

### SUMMONS OF SERVICE

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have

this day _____ notified Paul A. Perrault, President/CEO

of Chittenden Corporation, Defendant {**Chittenden Bank,** Burlington,

Vermont, **Mortgage Service Center,** Brattleboro, Vermont, **Cumex Inc,**

(Credit Union Mortgage Exchange), Lexington, Massachusetts} by United

States Postal Service **Chittenden Bank Main Office - 2 Burlington**

**Square, P.O. Box 820, Burlington, VT. 05402-0820**

Date _____

Richard Livingston
149 Warren Avenue,
Milton Massachusetts 02186-2009
617-698-4333

Received by: _____

Date _____ Firm Stamp: _____