UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                     )
RICHARD LIVINGSTON,                  )
                                     )
        Plaintiff, Pro Se            )
                                     )
v.                                   )   C.A. No.: 05-CV-11350-MLW
                                     )
MORTGAGE SERVICE CENTER, INC.;       )
CUMEX, INC.; RAH FEDERAL CREDIT      )
UNION; CHITTENDEN BANK; and          )
VICTORIA SCHEPPS,                    )
                                     )
        Defendants.                  )
_____)
```

### MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OF DEFENDANTS MORTGAGE SERVICE CENTER, INC., CUMEX, INC., CHITTENDEN BANK, AND RAH FEDERAL CREDIT UNION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Mortgage Service Center, Inc., Cumex, Inc., Chittenden Bank and RAH Federal Credit Union (collectively, "Defendants") hereby move to dismiss all counts of plaintiff Richard Livingston's Amended Complaint for failure to state a claim upon which relief can be granted.

This is not a federal case. It is a garden variety divorce case, involving prior judgments in state probate and family court, and in bankruptcy court. Plaintiff Richard Livingston, the divorced husband, is bitter over his divorce, and disappointed in the rulings that went against him in divorce court and bankruptcy court. As a result, he has turned, *pro se*, to federal court in an improper effort to do an end-run around his prior losses, and in one instance to literally relitigate a claim on which judgment previously entered against him in state court. As a matter of law, and per Fed. R. Civ. P. 12(b)(6), each of the claims against Defendants must be dismissed:

- *FTC Act Claims (Counts 10-13)* – These claims must be dismissed because the FTC Act does not provide for a private right of action.

- *Bank Fraud Claims (Counts 14-17)* – These claims must be dismissed because, like the FTC Act, the Bank Fraud Statute does not provide for a private right of action.

- *Bankruptcy Code Violations (Counts 18-21)* – Plaintiff alleges violations of the "automatic stay provisions" of the Bankruptcy Code. These claims must be dismissed for two equally dispositive reasons: First, asserting a claim for violation of the automatic stay provision of the Bankruptcy Code may properly be brought only in bankruptcy court during an extant bankruptcy proceeding. Here, as acknowledged in the Amended Complaint, Plaintiff was discharged from bankruptcy nearly five years ago. [Am. Compl. ¶ 23.] His claimed violation of the bankruptcy code's automatic stay is, therefore, not properly before this Court. *See In re Bright*, 2006 WL 408414, at *5 (1st Cir. BAP, Feb. 23, 2006). Second, regardless of whether an extant bankruptcy proceeding is necessary to assert a claim for violating the bankruptcy code's automatic stay provision, here, back in 2001, the bankruptcy court lifted the stay so that Ms. Clifford could pursue her rights against plaintiff in the divorce proceeding, including her right to refinance the divorced couple's former marital home. The stay was lifted *prior* to defendants' purported violation. It is legally impossible to violate an automatic stay that is not in place at the time of the supposed violation.

- *Pendent State Law Claims (Counts 1-4, and 6-9)* – There is no diversity jurisdiction in this case. As a result, if and when the court dismisses plaintiff's federal claims, it should exercise its discretion to dismiss his pendent state law claims. *See*, *e.g.*, *B.C. Recreational Indus. v. First Nat'l Bank*, 639 F.2d 828, 834 (1st Cir. 1981) (affirming dismissal of pendent state law claims because "Plaintiffs made a deliberate, if not very well reasoned, choice to proceed in federal court . . . [but] had been unable to cross the federal threshold"). Independent of the court's jurisdictional inclination, the pendent state law claims – Mass. Gen. L. ch. 93A claims (Counts 1-4) and the claims for negligent hiring and supervision (Counts 6-9) – must be dismissed as a matter of law.

    - *Chapter 93A Claims* – The Amended Complaint does not allege any factual predicate to support a 93A, unfair and deceptive business practices, violation. Indeed, the Amended Complaint does not even come close. *See*, *e.g.*, *Massachusetts School of Law at Andover, Inc. v. American Bar Assoc.*, 142 F.3d 26, 42 (1st Cir. 1998) (Chapter 93A claims must be dismissed unless they "at least come within shouting distance of some established concept of unfairness").

    - *Negligent Hiring and Supervision* – These claims, which allege that defendants were negligent in hiring and supervising co-defendant Schepps, must be dismissed for two reasons. First, the Amended Complaint has not alleged any conduct on the part of Schepps that would

2

constitute negligence as a matter of law.  Indeed, a state court already dismissed plaintiff's first lawsuit against Schepps alleging negligence and plaintiff is collaterally estopped from relitigating the issue of negligence as to her.  Without negligence by Schepps, there can not, *a fortiori*, be any negligence on the part of the parties who hired and supervised her.  Second, regardless of the merits, the negligence claims are barred by the applicable statute of limitations.

At bottom, this is an entirely frivolous case.  Plaintiff has no basis whatsoever to bring any legal claim against Defendants.  For the foregoing reasons and for the reasons set forth in the accompanying memorandum, the Amended Complaint should be dismissed *with prejudice*, as any effort to further amend the complaint would prove futile.

Respectfully submitted,

MORTGAGE SERVICE CENTER, INC.,
CUMEX, INC., and CHITTENDEN BANK

By their attorneys,

*/s/ Christopher J. Hunter*
David J. Apfel (BBO # 551139)
Christopher J. Hunter (BBO # 640397)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

and

RAH FEDERAL CREDIT UNION

By its attorneys,

*/s/ Harvey Weiner*
Harvey Weiner (BBO # 519840)
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
(617) 951-2100

Dated:  March 20, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 20, 2006.

                                                */s/ Christopher J. Hunter*
                                                Christopher J. Hunter

## LOCAL RULE 7.1(A)(2) CERTIFICATION

      I certify pursuant to Local Rule 7.1(A)(2) that the moving parties conferred in good faith with *pro se* Plaintiff Richard Livingston on February 8, 2006 and on March 20, 2006, on the matters set forth herein and were unable to resolve or narrow the issues.

                                                */s/ Christopher J. Hunter*
                                                Christopher J. Hunter

LIBA/1673996.2