UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD LIVINGSTON,
               Plaintiff

v.

MORTGAGE SERVICE CENTER, INC.,
CUMEX, INC., RAH FEDERAL CREDIT
UNION, CHITTENDEN BANK and
VICTORIA SCHEPPS,
               Defendants

CIVIL ACTION NO. 05-11350-MLW

## DEFENDANT, VICTORIA SCHEPPS' MOTION TO DISMISS

NOW COMES the defendant, Victoria Schepps ("Schepps"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby moves this Honorable Court to dismiss the sole count against her in the Amended Complaint for failure to state a claim upon which relief may be granted.

As set forth more fully in the attached memorandum of law, Schepps is entitled to judgment of dismissal, as a matter of law, for the following reasons:

(1)    The claim against her is barred by the doctrine of claim preclusion or the rule against claim splitting.

The allegations against Schepps in the Amended Complaint mirror allegations made against her in an earlier state court action, which was dismissed by the Stoughton District Court. The two actions arise from the same events and the sole count against Schepps in the Amended Complaint, for violations of Mass. Gen. Laws Chapter 93A, is based entirely on the allegations made against her in state court. The state court action was fully adjudicated and dismissed, and the alleged violations of Chapter 93A, which could have and should have been raised in the state court action, must be dismissed as a matter of law pursuant to the doctrine of claim preclusion or the rule against claim splitting. The plaintiff must not now be allowed a "second bite at the

55038.1

apple" against Schepps by bringing a "new" claim from the same transaction and based entirely on the same set of factual allegations. The plaintiff's attempt to split his claim against Schepps into two successive actions is prohibited by law and thus, the sole count in the Amended Complaint against Schepps must be dismissed.

      (2)    <u>The Amended Complaint does not contain any factual basis for a Chapter 93A violation.</u>

The Amended Complaint does not contain any factual allegations to support the plaintiff's claims that Schepps committed unfair or deceptive business practices in violation of Mass. Gen. Laws Chapter 93A. The Chapter 93A claim is entirely predicated on Schepps' failure to act in accordance with duties allegedly owed to the plaintiff, the same basis as the earlier state court action, which was dismissed by the Stoughton District Court. The Amended Complaint contains nothing more than an allegation of breach of legal obligation against Schepps, which, as a matter of law, does not amount to unfair and deceptive trade practice. The Amended Complaint does not contain any allegations of unfair or deceptive acts or practices committed by Schepps. There is no allegation of any act or practice, which could even remotely be considered to violate the statute. At best, the plaintiff has alleged a claim for negligence and that claim was dismissed by the Stoughton District Court.

WHEREFORE, the defendant, Victoria Schepps respectfully requests that this Honorable Court dismiss the Amended Complaint for failure to state a claim upon which relief may be granted, and that the dismissal be entered with prejudice, as any effort to further amend the complaint would prove futile.

2

VICTORIA SCHEPPS,

By her attorneys,

/s/ Christopher P. Flanagan
George C. Rockas, BBO#544009
Christopher P. Flanagan, BBO#567075
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
Dated: March 20, 2006                    (617) 422-5300

## CERTIFICATE OF SERVICE

I, Christopher P. Flanagan, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a copy of this document has been served, this 20th day of March 2006, by first class mail, postage prepaid, on the plaintiff *pro se*.

/s/ Christopher P. Flanagan
Christopher P. Flanagan

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Christopher P. Flanagan, hereby certify, pursuant to Local Rule 7.1(A)(2), that I have conferred, in good faith with the plaintiff *pro se*, Richard Livingston, on March 20, 2006, on the matters set forth herein and we were unable to resolve or narrow the issues.

/s/ Christopher P. Flanagan
Christopher P. Flanagan

3

55038.1