UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD LIVINGSTON,
          Plaintiff

v.

MORTGAGE SERVICE CENTER, INC.,
CUMEX, INC., RAH FEDERAL CREDIT
UNION, CHITTENDEN BANK and
VICTORIA SCHEPPS,
          Defendants

CIVIL ACTION NO. 05-11350-MLW

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, VICTORIA SCHEPPS' MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant, Victoria Schepps ("Schepps") hereby respectfully submits this memorandum of law in support of her motion for dismiss. As set forth below, Schepps is entitled to judgment of dismissal in this case on the following grounds: (1) the claim against Schepps is barred by the doctrine of claim preclusion or the rule against claim splitting; and (2) the Amended Complaint does not contain any factual basis for a Chapter 93A violation.

Schepps respectfully requests that this Honorable Court dismiss the Amended Complaint for failure to state a claim upon which relief may be granted, and that the dismissal be entered with prejudice, as any effort to further amend the complaint would prove futile.

## I.  INTRODUCTION

This action represents the plaintiff, Richard Livingston's second lawsuit against Schepps, an attorney, for the claims arising out of the same transaction, a mortgage closing on property jointly owned by the plaintiff and his former wife, Margaret Clifford. The first lawsuit, filed in state court – Stoughton District Court – contained allegations that Schepps failed to comply with certain "statutory duties," which resulted in impairment of the plaintiff's value in the property

54618.2

and emotional distress.  These allegations were the subject of two motions.  The first motion was for judgment on the pleadings, which was immediately granted after hearing.  The second motion was for reconsideration of the Court's ruling on the motion for judgment on the pleadings, which was denied after hearing.  The plaintiff now institutes this second lawsuit in which he claims that Schepps' conduct and actions with respect to the mortgage re-financing constitute violations of Mass. Gen. Laws Chapter 93A.

## II.  PRIOR PROCEDURAL HISTORY

On or about January 19, 2004, the plaintiff filed a Complaint against Schepps in Stoughton District Court.[1]  In that Complaint, the plaintiff alleged that in or about July 2001, Schepps acted as the closing attorney in connection with a new mortgage on property that the plaintiff owned with his former wife, Margaret Clifford ("Clifford"), the closing on this loan proceeded without notice to the plaintiff, Schepps failed to obtain and file discharges on the property, Schepps failed to comply with statutory duties in connection with the closing, and as a result, the plaintiff's value in the property was impaired and he sustained emotional distress damages.[2]

On January 3, 2005, Schepps filed a motion for judgment on the pleadings, pursuant to Mass. R. Civ. P. 12(c) on the grounds that: (1) the plaintiff failed to state a claim against Schepps for the alleged impairment of the plaintiff's value in the subject property; (2) Schepps owed no duty to the plaintiff; and (3) the plaintiff was not entitled to emotional distress damages.[3]  The

---

[1]  Schepps respectfully requests that this Honorable Court take judicial notice of records from the prior proceedings in Stoughton District Court.  See Paul J. Liacos, Massachusetts Evidence § 2.8.1, at 26 (7th ed. 1999) ("As to….related proceedings, a court may also take judicial notice of the records of other courts").  See also Jarosz v. Palmer, 436 Mass. 526, 530 (2002).  See Complaint, attached hereto as Exhibit 1.

[2]  See Exhibit 1, ¶¶ 3-9.

[3]  See Defendant, Victoria Schepps' Motion for Judgment on the Pleadings and Memorandum of Law in Support of Defendant, Victoria Schepps' Motion for Judgment on the Pleadings, attached hereto as Exhibit 2.

plaintiff, through counsel, filed an opposition to the motion for judgment on the pleadings.[4]
After oral argument on March 10, 2005, the Stoughton District Court allowed the motion and
judgment of dismissal entered on March 15, 2005.[5]  The plaintiff moved for reconsideration of
the Stoughton District Court's ruling on the motion for judgment on the pleadings, which
Schepps opposed.[6]  After hearing on April 28, 2005, the motion for reconsideration was denied,
ending the proceedings in Stoughton District Court case.[7]

### III.  STATEMENT OF UNDISPUTED MATERIAL FACTS[8]

On May 24, 2001, the Norfolk County Probate and Family Court entered an order, which
stated: "The former wife shall have the right to refinance the first and second mortgages with
respect to the former marital home in order to satisfy the existing first and second mortgages and
to pay outstanding marital debt if she so elects. . . . The *former husband shall not be required to
sign any documents* in connection with former spouse's effort to refinance the outstanding
mortgages and existing marital debt."  See Amended Complaint, ¶¶ 11-12 (emphasis supplied).
The plaintiff alleges that at the time of the entry of the May 24, 2001 order, the judge also

---

[4] See Plaintiff Richard Livingston's Opposition to the Defendants Motion for Judgment on the Pleadings, attached hereto as Exhibit 3.

[5] See Notice to the Parties and Judgment of Dismissal, attached hereto as Exhibit 4.

[6] For the purposes of judicial efficiency and economy, the motion for reconsideration and Schepps' opposition have not been attached as exhibits to this memorandum.  Schepps will submit copies of these documents if the Court desires.

[7] See Notice to the Parties with Court's denial of motion for reconsideration, attached hereto as Exhibit 5. The rulings and judgment of dismissal in Stoughton District Court were not appealed.

[8] The statement of undisputed material facts is derived solely from the Amended Complaint and is submitted for the purposes of the motion to dismiss only.  Schepps reserves the right to contest the purported facts contained in the Amended Complaint should this motion be denied.

"ordered orally that the wife *would not be able* to refinance the property *without the signature* of the Plaintiff Richard Livingston."  See Amended Complaint, ¶ 13 (emphasis supplied).

In May or June 2001, Clifford applied for a mortgage loan and the application was approved.  See Amended Complaint, ¶¶ 14 & 16.  On July 27, 2001, the closing on the mortgage loan was held, with Schepps acting as the closing attorney for the mortgage lender.  See Amended Complaint, ¶¶ 17-18 & 22.  The plaintiff was unaware of Clifford's mortgage loan application and the closing on the loan until August 17, 2001.  See Amended Complaint ¶¶ 28-29 and 32.

Schepps was aware of the May 24, 2001 court order prior to the closing of July 27, 2001 and at the time that she disbursed the proceeds of the loan.  See Amended Complaint, ¶¶ 19-20. The Amended Complaint does not contain any allegation that Schepps had notice or knowledge of the purported oral order.  See Amended Complaint, generally.

Subsequent to the closing, Schepps disbursed the monies from the loan.  See Amended Complaint, ¶ 25.  The disbursal allegedly failed to satisfy the existing first and second mortgages and pay outstanding marital debt only.  See Amended Complaint, ¶ 26.  At the closing, excess funds were disbursed to Clifford and to pay off Clifford's personal loans.  See Amended Complaint, ¶ 27.

The Amended Complaint alleges that the defendants, including Schepps, had a responsibility to notify the plaintiff of the closing, a duty to act and disburse monies in accordance with the May 24, 2001 order of the Norfolk Probate and Family Court, and a duty to ensure that all marital debt, liens and mortgages were properly discharged.  See Amended Complaint, ¶¶ 33-36.  The Amended Complaint further alleges that the defendants, including Schepps, failed to notify the plaintiff of the mortgage application or its approval, and that the

4

54618.2

defendants, including Schepps, allowed the impairment of the plaintiff's ownership interest in the property. See Amended Complaint, ¶¶ 38-39.

The Amended Complaint contains a single count of violation of Mass. Gen. Laws Chapter 93A against Schepps. See Amended Complaint, ¶¶ 56-58(sic).

## IV.  STANDARD OF REVIEW

For the purposes of a Rule 12 (b)(6) motion to dismiss, the court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Giuliano v. Fulton, 399 F. 3d 381, 386 (1st Cir. 2005), quoting, Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002). The dismissal of a claim is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## V.  ARGUMENTS

### A.    THE CLAIM AGAINST THE DEFENDANT IS BARRED BY THE DOCTRINE OF CLAIM PRECLUSION, OR THE RULE AGAINST CLAIM SPLITTING.

The doctrine of claim preclusion applies to repetitious suits involving the same claim or cause of action. See Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been* raised in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (emphasis supplied), citing, Sunnen, supra. See also Heacock v. Heacock, 402 Mass. 21, 23 (1988); Franklin v. North Weymouth Coop. Bank, 283 Mass. 275, 279-280 (1933). "This is so even though the claimant is prepared in a second action to present different evidence or legal theories to support his claim, or seeks different remedies."

5

Heacock, supra.     See also Mackintosh v. Chambers, 285 Mass. 594, 596-597 (1934);

Restatement (Second) of Judgments § 25 (1980).

"Whether expressed as claim preclusion or as a rule against claim splitting, the doctrine

presupposes that a claimant has had an opportunity to assert his claims against a given defendant,

and either has failed to assert those claims or has asserted the claims and had them adjudicated

adversely."  Day v. Kerkorian, 61 Mass.App.Ct. 804, 811 (2004).  See Restatement (Second) of

Judgments § 24(1) ("When a valid and final judgment rendered in an action extinguishes the

plaintiffs claim....the claim extinguished includes all rights of the plaintiff to remedies against the

defendant with respect to all or any part of the transaction or series of connected transactions, out

of which the action arose").  "It is a requirement that all legal theories supporting a claim be

presented when the opportunity is available, not preserved for presentation through piecemeal

litigation."  Id., citing, Bagley v. Moxley, 407 Mass. 633, 638 (1990).  "The doctrine is a

ramification of the policy considerations that underlie the rule against splitting a cause of

action."  Heacock, supra at 24.

"The statement of a different form of liability is not a different cause of action, provided

it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong."

Mackintosh, supra, and cases cited.  The SJC, in Mackintosh, further stated that:

> The effect of a former judgment, if admissible, depends not upon the form of the
> pleadings but upon the essence of the violation of legal right on which pleadings
> are founded.  Two actions are not necessarily for different causes of action simply
> because the theory of the second would not have been open under the pleadings in
> the first.  A party cannot preserve the right to bring a second action after the loss
> of the first, merely by having circumscribed and limited the theories of recovery
> opened by the pleadings in the first.  For example, a judgment for the defendant in
> an action for negligence causing personal injury bars a subsequent action for the
> same injury on the ground of wanton, willful and reckless conduct.

Id. at 597.

This action against Schepps is barred by the doctrine of claim preclusion and the rule against claim splitting. While the Amended Complaint is more detailed and contains more paragraphs than the Complaint in the Stoughton District Court action, the allegations against Schepps in these two documents arise from the same events and are, for all intent and purposes, identical to each other. The sole count against Schepps in the Amended Complaint, for violations of Mass. Gen. Laws Chapter 93A, is based entirely on the same allegations in the Stoughton District Court Complaint that Schepps failed to act in accordance with some legal duty owed to the plaintiff. This claim has already been fully adjudicated in and dismissed by the Stoughton District Court. The plaintiff brings this second action against Schepps, again alleging the failure to act in accordance with some legal duty owed to the plaintiff, but now claims that Schepps' actions violated Chapter 93A. The allegations of violations of Chapter 93A, which are so clearly based on the claims made against Schepps in the Stoughton District Court action could have, and in fact, should have, been raised in that action. The plaintiff had the opportunity, but chose not to assert violation of Chapter 93A against Schepps in Stoughton District Court. He must not now be allowed a "second bite at the apple" against Schepps by bringing a "new" claim from the same transaction and based entirely on the same set of factual allegations. The plaintiff's attempt to split his claim against Schepps into two successive actions is prohibited by law and thus, the sole count in the Amended Complaint against Schepps must be dismissed.

### B.    THE AMENDED COMPLAINT ALLEGES NO FACTS SUPPORTING A CHAPTER 93A VIOLATION

The Amended Complaint does not contain any factual allegations to support the plaintiff's claims that Schepps committed unfair or deceptive business practices in violation of Mass. Gen. Laws Chapter 93A. See Amended Complaint, generally. In fact, the Chapter 93A claim is entirely predicated on Schepps' failure to act in accordance with duties allegedly owed

7

to the plaintiff.  <u>See</u> Amended Complaint, ¶¶ 34-36, 38-39 & 56.  Since the plaintiff's claims that Schepps failed to act in accordance with alleged duties were dismissed in the Stoughton District Court case, the claim pursuant to Mass. Gen. Laws Chapter 93A must also fail.  <u>See</u> <u>McCann v. Davis, Malm & D'Agostine</u>, 423 Mass. 558, 560-561 (If a Mass. Gen. Laws Chapter 93A claim depends on other substantive claims and the evidence fails to support those claims, it also fails to support the claim of violations of Chapter 93A).

Additionally, a mere breach of legal obligation, without more, does not amount to unfair and deceptive trade practice; there must be additional evidence that the breach in legal obligation resulted in unfair or deceptive act or practice.  <u>See</u> <u>Framingham Auto Sales, Inc. v. Workers' Credit Union</u>, 41 Mass. App. Ct. 416, 418 (1996).  <u>See</u> <u>also</u> <u>Squeri v. McCarrick</u>, 32 Mass. App. Ct. 203, 207 (1992) (A negligent act, standing by itself, does not give rise to a claim under unfair or deceptive acts or practices); <u>Whitinsville Plaza, Inc. v. Kotseas</u>, 378 Mass. 85, 100-01 (1979) (Breach of contract does not, in and of itself, rise to the level of a violation of Chapter 93A).  "[N]ot every unlawful act is automatically an unfair (or deceptive) one under G.L. c. 93A."  <u>Mechanics National Bank v. Killeen</u>, 377 Mass. 100, 109 (1979).

Furthermore, to recover under Mass. Gen. Laws Chapter 93A, the plaintiff must establish that Schepps committed an unfair or deceptive trade practice.  <u>See</u> <u>generally</u> Mass. Gen. Laws Chapter 93A.  Unfortunately, Chapter 93A itself furnishes no definition of what constitutes an unfair act or practice made unlawful by the statute.  <u>See</u> <u>PMP Associates, Inc. v. Globe Newspaper Company</u>, 366 Mass. 593, 594.  Nonetheless, courts have interpreted the statute to require, in these circumstances, that the plaintiff show that the conduct or actions of Schepps fell within "at least the penumbra of some common law, statutory or other established concept of unfairness,…[or] is immoral, unethical, oppressive or unscrupulous."  <u>Levings v. Forbes & Wallace, Inc.</u>, 8 Mass.App.Ct. 498, 504 (1979), quoting, 29 Fed. Reg. 8325, 8355 (1964).

There is no allegation of any unfair or deceptive acts or practices committed by Schepps with respect to the re-financing of the subject property. There is no allegation of any act or practice, which could even remotely be considered to violate the statute. At best, the plaintiff has alleged a claim for negligence and that claim was dismissed by the Stoughton District Court. Moreover, a claim of negligence, or breach of some legal obligation to the plaintiff, to the extent such an obligation exists, does not amount to an unfair or deceptive act or practice or an act or practice that otherwise violates Chapter 93A.

## IV.  CONCLUSION

WHEREFORE, for the reasons set forth in this memorandum of law, the defendant, Victoria Schepps, respectfully requests that this Honorable Court grant her motion to dismiss for failure to state a claim upon which relief may be granted, and that the dismissal be entered with prejudice, as any effort to further amend the complaint would prove futile.

VICTORIA SCHEPPS,

By her attorneys,

/s/ Christopher P. Flanagan
George C. Rockas, BBO#544009
Christopher P. Flanagan, BBO#567075
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Dated: March 20, 2006                    Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Christopher P. Flanagan, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a copy of this document has been served, this 20th day of March 2006, by first class mail, postage prepaid, on the plaintiff *pro se*.

/s/ Christopher P. Flanagan
Christopher P. Flanagan

9

54618.2

**EXHIBIT 1**

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**

**Stoughton District Court**
**CIVIL NO.**

0455 CV 53

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**RICHARD LIVINGSTON**     *
  **Plaintiff**         *
                *
  **v.**               *
                *
**VICTORIA SCHEPPS**       *
  **Defendant**         *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Now comes the Plaintiff Richard Livingston and alleges the following:

### I.    *The Parties*

1. The Plaintiff, Richard Livingston is a resident of Milton, Massachusetts, County of Norfolk, Commonwealth of Massachusetts

2. The Defendant, Victoria Schepps has a usual place of business in Stoughton, Commonwealth of Massachusetts

### II    *Allegations*

3. On or about July, 2001 and all relevant times thereafter and before the Plaintiff was one of two owners of a property located at 15 Quarry Lane, Milton, Massachusetts.

4. On or about July of 2001 the Defendant was the closing attorney in connection with a new mortgage placed on the property by Margaret Clifford.

5. On or about July 2001 a closing took place at which time the closing proceeded without notice to the Plaintiff.

6. On or about July 2001 and all relevant times thereafter Defendant has failed to obtain and file discharges on the property

STOUGH.

JAN 2 3 2004

7.    On or about July 2001 and relevant times thereafter the Defendant
      has failed to comply with other statutory duties in connection with
      the closing.

8.    As a direct and proximate result the Defendant has impaired the
      Plaintiff's value in the property.

9.    As a direct and proximate result thereof the Defendant has caused
      the Plaintiff to incur intentional emotional distress.

Wherefore the Plaintiff demands judgment against the Defendant I an amount to be
determined by a Judge and/or Jury.

                          By
                          Richard Livingston
                          Plaintiff,
                          By his Attorney,


                          William E. Gately, Jr., Esquire
                          Law Offices of William E. Gately, Jr.
                          400 Washington Street
                          P.O. Box 850920
                          Braintree, MA  02184
                          TEL.#: (781) 848-1200
                          BBO#: 549132

Dated: _1_/_19_/_04_

        THE PLAINTIFF DEMANDS A TRIAL BY JURY

JAN 2 3 2004

**EXHIBIT 2**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    STOUGHTON DISTRICT COURT
                                                CIVIL ACTION NO. 0455-CV-53

RICHARD LIVINGSTON,
            Plaintiff

v.

VICTORIA SCHEPPS,
            Defendant

## DEFENDANT, VICTORIA SCHEPPS' MOTION
## FOR JUDGMENT ON THE PLEADINGS

Now comes the defendant, Victoria Schepps ("Schepps"), and moves this Honorable

Court, pursuant to Rule 12(c) of the Massachusetts Rules of Civil Procedure, for entry of

judgment on the pleadings on her behalf.  As grounds for this motion, Schepps submits that

based on the pleadings, she is entitled to judgment in her favor for the following reasons: (1) the

plaintiff fails to state a claim against Schepps for the alleged impairment of the plaintiff's value

in the subject property; (2) Schepps owed no duty to the plaintiff; and (3) the plaintiff is not

entitled to emotional distress damages.  In further support of this motion, Schepps also

respectfully submits a memorandum of law, attached hereto.

WHEREFORE, the defendant, Victoria Schepps, respectfully requests that this

Honorable Court enter judgment on the pleadings in her behalf.

Respectfully Submitted,

VICTORIA SCHEPPS,

By her attorneys,

George C. Rockas, BBO# 544009
Christopher P. Flanagan, BBO# 567075
Wilson, Elser, Moskowitz, Edelman
      & Dicker, LLP
155 Federal Street
Boston, MA 02110
Dated: January 3, 2005                          (617) 422-5300

33060.1

<u>CERTIFICATE OF SERVICE</u>

I, Christopher P. Flanagan, hereby certify that I have this 3rd day of January 2005 served the foregoing document, by first class mail, postage prepaid, upon counsel of record.

Christopher P. Flanagan

33060.1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                   STOUGHTON DISTRICT COURT
                                               CIVIL ACTION NO. 0455-CV-53

RICHARD LIVINGSTON,
          Plaintiff

v.

VICTORIA SCHEPPS,
          Defendant

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, VICTORIA SCHEPPS' MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c) of the Massachusetts Rules of Civil Procedure, the defendant, Victoria Schepps ("Schepps") hereby submits this memorandum of law in support of her motion for judgment on the pleadings. As set forth below, based on the pleadings, Schepps is entitled to judgment in her favor for the following reasons: (1) the plaintiff fails to state a claim against Schepps for the alleged impairment of the plaintiff's value in the subject property; (2) Schepps owed no duty to the plaintiff; and (3) the plaintiff is not entitled to emotional distress damages.

## I. FACTS[1]

For the purposes of this motion only, Schepps submits to the following facts contained in the complaint:

The plaintiff and Margaret Clifford ("Clifford") own property located at 15 Quarry Lane, Milton, Massachusetts. See Complaint, ¶¶ 3-4. In or about July 2001, Schepps acted as the closing attorney for a bank in connection with a new mortgage on the subject property for Ms. Clifford. See Complaint, ¶ 4. According to the plaintiff, the closing proceeded without notice to him, Schepps failed to obtain and file discharges on the property, and Schepps failed to comply with statutory duties in connection with the closing. See Complaint, ¶¶ 5-7. The plaintiff claims

---

[1] Schepps reserves the right to dispute these facts at trial.

that as a result, his value in the property has been impaired and he sustained emotional distress damages. See Complaint, ¶¶ 8-9.

## II. STANDARD OF REVIEW

Mass. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." The effect of a motion for judgment on the pleadings is to "challenge the legal sufficiency of the complaint." Burlington v. District Attorney for N. Dist., 381 Mass. 717, 717-718 (1980). In deciding a motion under Mass. R. Civ. P. 12(c), the court must "determine whether, taking all of the plaintiff's factual allegations as true, they are legally sufficient to make out a claim." Wilson v. Commonwealth, 31 Mass.App.Ct. 757, 763 (1992), citing Minaya v. Massachusetts Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1984).

## III. ARGUMENTS

### A. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST SCHEPPS FOR THE IMPAIRMENT OF HIS VALUE IN THE SUBJECT PROPERTY.

When evaluating the sufficiency of a complaint pursuant to Mass. R. Civ. P. 12, the court must accept as true the factual allegations of the complaint. See Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). The issue is whether the facts alleged, construed in favor of the plaintiff, state a valid legal claim that would warrant relief. See Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Each count must be read by itself, and must contain within itself allegations of such facts that will make out a cause of action. See Holland v. Good Bros. 318 Mass. 300, 303 (1945). "The question of a complaint's sufficiency turns on whether it provides enough information to give the defendant notice of what the dispute is about and asserts a right to recovery cognizable on some acceptable legal theory. Multi Technology, Inc. v. Mitchell Management Systems, Inc., 25 Mass. App. Ct. 333, 335 (1988), rev. denied, 402 Mass. 1101

2

33026.1

(1988). If the pleadings are legally insufficient and the facts alleged do not state a valid cause of action, the plaintiff's claim should be dismissed. See Holland, supra.

Based upon her reading of the complaint, Schepps is left to speculate what cause of action is alleged against her with respect to the alleged impairment of the plaintiff's value in the subject property. The plaintiff fails to identify any legal theory under which he would be entitled to recover against Schepps for these alleged damages. After making five factual allegations, the plaintiff concludes that "[a]s a direct and proximate result the Defendant has impaired the Plaintiff's value in the property." See complaint, ¶ 8. The complaint fails to state any specific cause of action against Schepps, which resulted in this alleged impairment to his value in the property. Quite simply, the complaint does not provide enough information to give Schepps notice of what the dispute is about nor does it assert a right to recovery cognizable on some acceptable legal theory. See Multi Technology, Inc., supra. The complaint fails to put Schepps on notice of what is being claimed against her and is not stated with sufficient clarity so as to allow her to prepare her defense. See Schaer v. Brandeis University, 432 Mass. 474, 477 (2000).

Furthermore, the facts alleged, construed in favor of the plaintiff, do not state a valid legal claim that would warrant relief. See Holland, supra. The plaintiff fails to allege sufficient facts to make out any cause of action against Schepps for the alleged impairment of the plaintiff's value in the subject property. The complaint only alleges that the Schepps' legal work in closing a loan, to which the plaintiff was not a party, somehow impaired plaintiff's value in the property. Schepps submits that the complaint is insufficient to be successful under any recognized legal theory for these alleged damages. Therefore, even with all of the plaintiff's factual allegations taken as true, the plaintiff is not entitled to relief for this portion of his claim.

33026.1

**B. SCHEPPS OWED NO LEGAL DUTY TO THE PLAINTIFF FOR THE ALLEGED IMPAIRMENT OF THE PLAINTIFF'S VALUE IN THE SUBJECT PROPERTY.**

Assuming, *arguendo*, that the complaint states a claim against Schepps for the alleged impairment of the plaintiff's value in the subject property, the claim arises out of her performance of legal work as the closing attorney for a new mortgage for Margaret Clifford on the subject property. Thus, the allegations against Schepps are properly characterized as a legal malpractice claim.[2]

Since there was no attorney-client relationship between Schepps and the plaintiff - either express or implied - and the plaintiff was not a non-party to whom Schepps owed a legal duty, the plaintiff cannot prove duty, an essential element of this claim. Therefore, the claim must fail as a matter of law.

**1.  There was no attorney-client relationship between Schepps and the plaintiff.**

In a legal malpractice claim, a plaintiff bears the burden of proving (1) the existence of an attorney-client relationship; (2) that its attorney breached the duty to exercise reasonable care and skill; (3) that the plaintiff suffered actual loss; and (4) that the attorney's negligence proximately caused such loss. See Atlas Tack Corp. v. Donabed, 47 Mass. App. Ct. 221, 226 (1999), Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., 25 Mass. App. Ct. 107, 111 (1987). The plaintiff must first prove that the attorney owed the plaintiff a duty of care. Spinner v. Nutt, 417 Mass. 549, 552 (1994); Fishman v. Brooks, 396 Mass. 643, 646-647 (1986). The issue of whether such a duty exists is a question of law.  See One National Bank v. Antonellis, 80 F.3d 606, 609 (1st Cir. 1996). An attorney owes a duty of care only to his clients. See Williams v. Ely, 423 Mass. 467, 475 (1996).

---

[2] See Hodas v. Sherburne, Powers & Needham, P.C., 938 F.Supp. 58, 59 (D.Mass. 1996); Riley v. Presnell, 409 Mass. 239, 242-3 (1991).

33026.1

While the plaintiff does not allege an attorney-client relationship, it is clear from the complaint that this claim results from legal work performed by Schepps, and thus, the plaintiff must prove an attorney-client relationship, which based on the allegations in the complaint, does not exist. Absent an attorney-client relationship, there can be no breach of duty to the plaintiff. See Fishman, supra.

The claim for impairment to the value in the subject property should be dismissed as Schepps owed no legal duty to the plaintiff. No direct attorney-client relationship ever existed between Schepps and the plaintiff, and the plaintiff cannot recover under this claim against Schepps.

**2. There is no implied attorney-client relationship between Schepps and the plaintiff.**

As set forth the above section, there is clearly no express attorney client relationship between Schepps and the plaintiff. Schepps also submits that the plaintiff is also unable to establish an implied attorney-client relationship.

In order to establish an implied attorney-client relationship, a plaintiff must show that (1) the plaintiff sought "advice or assistance from an attorney, (2) the advice or assistance sought pertained to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agreed to give or actually gave the desired advice or assistance." Miller, supra at 61, quoting, DeVaux v. American Home Assur. Co., 387 Mass. 814, 817 (1983). "All three requirements of this test must be met to establish the relationship." DaRoza v. Alter, 416 Mass. 377, 381 (1993).

The plaintiff is unable to meet any, let alone all, of the above criteria required to establish an implied attorney-client relationship with Schepps. The complaint contains no allegations that the plaintiff sought advice or assistance from Schepps, or that Schepps agreed to give any advice

5

or assistance to him. Accordingly, there was no implied attorney-client relationship, which might establish a duty to the plaintiff.

### 3. The plaintiff was a non-client to whom no duty was owed by Schepps.

In certain circumstances, an attorney may have a duty to a non-client. The doctrine of foreseeable reliance applies to establishing a duty to a non-client. See, e.g., Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524 (1989). A non-client must show the following in order to impose a duty on an attorney: (1) that he reasonably relied upon the subject legal services and (2) "that the attorney should reasonably foresee that the non-client will rely upon him for legal services." DeRoza, supra, n. 7. See also Lamare v. Basbanes, 418 Mass. 274, 276 (1994) ([a]bsent attorney-client relationship, court will recognize duty of reasonable care if attorney knows or had reason to know non-client is relying on services rendered).

The plaintiff cannot possibly establish foreseeable reliance with respect to the mortgage transaction since he was not involved in the transaction whatsoever. Since he did not know of the closing, presumably until after it occurred, he is unable to show that he relied upon Schepps' services in any manner that would allow him to establish that Schepps owed him a legal duty under this doctrine.

Even if there was foreseeable reliance, "where an attorney is also under an independent and potentially conflicting duty to a client," there can be no duty to a non-client. See Spinner, supra. In determining whether a duty will be imposed upon an attorney to a non-client, "the appropriate inquiry concerns the entire legal representation" and whether there is the potential for conflict, rather than the presence of actual conflict. Spinner, supra at 554; Antonellis, supra at 609-610. Additionally, imposing a duty of care where there is a potential for conflicting interest would be inconsistent with Supreme Judicial Court Rule 3:07 and Canon 4. See Lamare, supra.

6

The imposition of a duty to the plaintiff in this case would compromise Schepps' duty to her client in the mortgage transaction, the bank. See id. at 63. Thus, she could not have had a duty to the plaintiff (or Ms. Clifford, for that matter), as a non-client, since that duty would have been in conflict with her duty as closing attorney to the bank. See Logotheti v. Gordon, 414 Mass. 308, 312 (1993). See also, Antonellis, supra ("the court will not impose a duty of reasonable care [to a non-client] on an attorney if such an independent duty would potentially conflict with the duty the attorney owes to his or her client."); Spinner, supra ("where an attorney is also under an independent and potentially conflicting duty to a client, [courts] are less likely to impose a duty to nonclients"); DeRoza, supra at 383 ("[w]hen the situation involves potentially conflicting duties to the attorney's actual client and the third party claiming [the existence of a duty], 'we are less likely to impose a duty to nonclients'").

The case at bar involves potential conflicts between Schepps, who at all relevant times represented the mortgage lender at the closing, and the plaintiff, who was not a party to the transaction. Although not directly on point, the SJC has already recognized that numerous conflicts can develop between lenders and borrowers, and determined that it is the *potential* for these conflicts to develop, which militates against allowing a claim by a borrower against lenders' counsel to proceed. See Page, supra (emphasis supplied). The potential for conflict in the instant case is abundantly clear. Schepps represented the interests of the lender, not the borrower, and certainly not the plaintiff, who was not a party to the transaction. Since the state of the law precludes claims by borrowers against lender's counsel, see Page, there would be absolutely no legal basis for the plaintiff's claim against lender's counsel, Schepps, under the facts of this case.

## C. PLAINTIFF IS NOT ENTITLED TO EMOTIONAL DISTRESS DAMAGES.

In Massachusetts, emotional distress damages in a legal malpractice case are recoverable only where the alleged malpractice resulted in a loss of liberty. See e.g. Wagenmann v. Adams,

7

829 F.2d 196 (1st Cir. 1987) (legal malpractice resulted in client's civil commitment to mental hospital). See also Massachusetts Superior Court Civil Practice Jury Instructions § 18.7.2. Schepps is unaware of any case in which emotional distress damages were held to be recoverable in a legal malpractice action, which does not involve loss of liberty.

The refusal to recognize an emotional distress claim in a legal malpractice action is consistent with the general requirement in a negligence action that a plaintiff can only recover for reasonably foreseeable damages. See e.g., McGuiggan v. New England Tel. & Tel. Co., 398 Mass. 152, 155 (1986); Wiska v. St. Stanislaus Social Club, Inc., 7 Mass.App. 813, 818 (1979) ("It is basic that a defendant cannot be held liable unless the injury was a foreseeable consequence of the negligent act."). See also Dziokonski v. Babineau, 375 Mass. 555, 567 (1978) (a defendant is liable "for the natural and probable consequences of his conduct."). In general, the only foreseeable consequence from an attorney's negligence is an economic loss. Wehringer v. Powers & Hall, 874 F.Supp. 425, 429 (D.Mass. 1995). The allegations against Schepps in the complaint are based solely on her providing legal services for a lender in a real estate closing. The only foreseeable consequence of any alleged negligence in this regard is economic loss. Any alleged emotional distress damage sustained by the plaintiff is too remote to be considered a reasonably foreseeable result of Schepps' legal work in conjunction with the closing.

## V. CONCLUSION

For the foregoing reasons, the defendant, Victoria Schepps respectfully requests that this Honorable Court enter judgment on the pleadings in her behalf.

33026.1

Respectfully Submitted,

VICTORIA SCHEPPS,

By her attorneys,

George C. Rockas, BBO# 544009
Christopher P. Flanagan, BBO# 567075
Wilson, Elser, Moskowitz, Edelman
    & Dicker, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: January 3, 2005

## CERTIFICATE OF SERVICE

    I, Christopher P. Flanagan, hereby certify that I have this 3rd day of January 2005 served the foregoing document, by first class mail, postage prepaid, upon counsel of record.

Christopher P. Flanagan

9

33026.1

**EXHIBIT 3**

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                    **STOUGHTON DISTRICT COURT**
                                   **C.A. NO.  200455CV0053**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**RICHARD LIVINGSTON**                   \*
        **Plaintiff**                    \*
                                         \*
**v.**                                   \*
                                         \*
**VICTORIA SCHEPPS**                     \*
        **Defendant**                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF RICHARD LIVINGSTON'S OPPOSITION TO THE DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS.

Now comes the Plaintiff, Richard Livingston and opposes the Defendant's Motion

for Judgment on the Pleadings brought pursuant to Rule 12© of the Massachusetts Rules

of Civil Procedure.

## 1.    FACTS

The plaintiff, Richard Livingston and Margaret Clifford (former Spouses) own property

located at 15 Quarry Lane, Milton, Massachusetts.  During the spring and early Summer

of 2001, the Plaintiff filed a petition for Bankrupy under Chapter 7 of the United States

Bankruptcy Code.  In July of 2001 a closing took place during which the Defendant acted

as the closing agent and attorney for the lenders with respect to a new mortgage that Ms.

Clifford sought and was granted while the Plaintiff and his assets were under the

protection of the United States Bankruptcy Court. The mortgage was applied for, granted

and the closing conducted without notice to the Plaintiff. The lender's granted the

mortgage to the Margaret Clifford on the basis of an order from the Norfolk County

Probate and Family court which allegedly allowed Ms. Clifford to apply for a mortgage

to payoff existing marital debt and outstanding attorney fee(s). The order in question also

states that Richard Livingston would not be required to sign documents connected with

such a mortgage as he was in the midst of a Bankrucpy filing. The order in no way

permitted the granting of any such mortgage or closing to take place for any other

purpose or without notice to the Plaintiff.

The closing in which the Defendant was the closing agent and attorney proceeded

forward in July of 2001, without the consent of or even notice to the Plaintiff.

Furthermore the closing involved the disbursement of funds far in excess of the amount

permitted by the Norfolk County Probate and Family Court for the purposes of paying off

marital debt from which the Plaintiff was discharged by the United States Bankruptcy

Court in July of 2001.

2.    **ARGUMENT**

1.    **The motion of the Defendant is untimely and a decision on the
       motion should be delayed until the Completion of Discovery.**

The Defendant brings this motion pursuant to Mass. R. Civ. P. 12© which provides in its

relevant part that "after the pleadings are closed but within such time as not to delay the

2

trial, any party may move for judgment on the pleadings". The Plaintiff respectfully submits that the time period during which the pleadings are closed has not passed and the therefore the motion is premature. The Plaintiff submits that he is still in the process of conducting discovery which will lead to the development of evidence and facts relevant to each of the legal issues raised by the Defendant in this motion and to the allegations brought by the Plaintiff in his complaint.

As the Court will note from the Docket on this case Discovery on this case has been delayed s a result of witnesses unlawfully failing to appear at scheduled depositions and by the subsequent filing of motions by non-parties seeking to prevent the production of documents and testimony of the lenders and witnesses involved in this case. The depositions previously scheduled and delayed as result of these tactics have been rescheduled for the end of March. Any additional depositions which may be relevant will be noticed and scheduled immediately following the completion of the depositions scheduled for March 29, 2005 and March 30, 2005. Following the completion of discovery the Plaintiff foresee(s) the likelihood of seeking to amend the pleadings and perhaps adding parties based upon the facts and evidence uncovered during the discovery process.

The Plaintiff, Richard Livingston submits that the purpose of discovery is to establish the facts that support, enhance and challenge the claims .brought by the Plaintiff. The Plaintiff submits that development of these facts may very well lead to the amendment or supplementation of the pleadings which this motion now challenges

3

Accordingly the Plaintiff respectfully submits that this motion is premature and should at the present time by stayed pending the completion of discovery and the passage of the required time for the closure of pleadings. To do otherwise would be to prohibit the Plaintiff from completing the discovery necessary to develop the facts and evidence which support his claims as well as the defenses raised by the Defendant.

## 2.    The Plaintiff has stated a Claim against the Defendant upon which relief may be granted.

When evaluating the sufficiency of a complaint pursuant to Mass. R. Civ. P.12, the court must accept as true the factual allegations of the complaint. See Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996). The issue is whether the facts alleged construed in favor to the plaintiff state a valid claim that would warrant relief. Each count must be read by itself and must contain within itself allegations of such facts that will make out a cause of action. See Holland v. Good Bros. , 318 Mass. 300, 303 (1945). " The question of a complaint's sufficiency turns on whether it provides enough information to give the defendant notice of what the dispute is about and asserts a right to recovery cognizable on some acceptable legal theory. Multi Technology, Inc. v. Mitchell Management Systems, Inc. 25 Mass. App. Ct. 333, 335 (1988).

The complaint in its s relevant paragraphs reads as follows

4

a.  In or about July 2001, Schepps acted as the closing attorney for a bank in connection with a new mortgage on the subject property for Ms. Clifford.

b.  The closing proceeded without notice to the Plaintiff.

c.  In or about July 2001, the closing proceeded without notice to him, Schepps failed to obtain and file discharges on the property, and Schepps failed to comply with statutory duties in connection with closing.

The facts alleged are sufficient by their plain and ordinary meaning to place the Defendant on notice of the nature of the allegations brought against her.

The harm caused the Plaintiff and the impairment on the value of the Plaintiff's property is clear. The granting of a mortgage without the consent or notice to the Plaintiff denied him the right to seek judicial or other relief which would have prevented the placing of or limited the amount of the lien that encumbers the Plaintiff's rights in the property and his ability to utilize or properly pledge the property as he may lawfully seek to do.

Subsequent to the filing of the complaint, discovery to date has also revealed at a minimum the following:

1.  The Defendant acted not only as the Attorney for the Defendant but as the closing agent as well. Specifically the Defendant disbursed funds as a result of the closing. Funds were disbursed far in excess of those necessary to pay off the marital debt in question.

2.  The Defendant failed to ensure that the funds were only used for the purposes of paying off marital debt and any excess funds returned to the lender to reduce the debt placed upon the jointly owned property.

3.  The defendant failed to ensure that liens placed against the property as a result of this marital debt were discharged in a timely manner.

4.  The mortgage was applied for and the closing may have been conducted while the property was still subject to the protection of the United States Bankruptcy laws.

The pleadings have not been amended to reflect these facts to date as discovery concerning these fact are still ongoing and will be either confirmed or denied as a result of the documents concerning the closing which are to be produced at the depositions scheduled for March 29, 2005 and March 30, 2005. Again the plaintiff asserts that the motion filed by the Defendant is uintimely as the closing of pleadings has not taken place.

The Plaintiff respectfully submits that he will seek to amend the Complaint upon the conclusion of the above referenced discovery when the facts have been fully discovered in a manner which allows him to properly plead and assert additional facts and claims supported by the evidence as discovered.

3.    **Schepps owed a legal duty to the Plaintiff for the alleged impairment of the value of the subject property.**

The Defendant seeks to characterize this matter as merely one of legal malpractice and therefore subject only to the case law governing such claims. *The Plaintiff asserts that in light of the facts of this case as developed to date that the claims extend beyond that of a breach of a duty owed by an attorney.*

Specifically in addition to acting as the Attorney for the lender at the closing the Defendant also acted as the closing agent for the Lenders and in doing so breached additional duties owed the Plaintiff. Specifically in addition to acting as Counsel for the Lenders involved the Defendant took actions which included at least the tacit approval of the amount of the loan and the disbursement of all of the funds available from that loan.

At a minimum the mortgage placed upon the subject property should have been limited to the amount of marital debt and attorney's fee's owed by Ms. Clifford. The Defendant was aware of these requirements but as the closing agent proceeded forward with the closing knowing that the amount of the loan was in excess of that permitted and as the disbursal agent failed to ensure that only those funds needed to payoff marital debt were disbursed and that they were disbursed to the proper entities.

Finally as the closing agent the Defendant was aware that the Plaintiff at a minimum owned a 50% percent interest in this property. Inasmuch as this mortgage either at the time of closing or at a later date may have impacted upon the value of his share of the

property and his right to pledge his interest his interest in the property at a future date with proper notice the Defendant had a duty to at least ensure that the Plaintiff was placed on notice of this event.

With respect to the claim being characterized as a legal malpractice claim the Plaintiff submits that the Defendant did in fact owe him a duty. In certain circumstances, an attorney may have a duty to a non client. *The doctrine of foreseeable reliance apples to establishing a duty to a non client.* See e.g. <u>Roberson v. Gaston Snow and Ely Barltett,</u> 404 Mass 515, 524 (1989). The Plaintiff as a non-client must show the following in order to impose a duty on an attorney:

    (1)    that he reasonably relied upon the subject legal services and

    (2)    that the attorney should reasonably foresee that the non-client will rely upon him for legal services

The Supreme Judicial Court has held that absent an attorney-client relationship, the court will recognize a duty of reasonable care if the attorney knows or had reason to know the non-client is relying on services rendered. <u>See Lamare v. Basbanes</u>, 418 Mass 274, 276 (1994).

The Defendant argues "The plaintiff cannot possibly establish foreseeable reliance with respect to the mortgage transaction since he was not involved in the transaction what so ever. Since he did not know of the closing, presumably until after it occurred, he is

8

unable to show that he relied upon Schepps series in any manner that would allow him to establish that Schepps owed him a legal duty under the doctrine.

The Plaintiff strongly disagrees with the Defendants position. While the plaintiff was not a party to the mortgage transaction this in and of itself does not preclude forseeable reliance upon the actions and omissions of the Defendant. At the time of the closing as well as prior and subsequent thereto the Defendant was aware that the Plaintiff had a minimum of a 50% interest in the property. She was aware that the transaction at best was permitted only for the purposes of paying of marital debt and attorney's fee(s) owed by the borrower. The Defendant failed to ensure that the proceeds from the closing were utilized only for that purpose and paid only to the proper entities. The fact that the Plaintiff did not know of the closing until after its completion is only due to the fact that the Defendant intentionally failed to take action to place him on notice of the transaction, closing and payment of monies.

Next the Plaintiff urges the Court to reject that the argument that "Even if there was foreseeable reliance, "where an attorney also under an independent and potentially conflicting duty to a client," there can be no duty to a not client. The Plaintiff submits that no conflicting duty exists in this case. Specifically the Plaintiff submits

a.      The Defendant owed the same duty to the lender and to the Plaintiff. That duty being to ensure that the mortgage granted to

9

Ms. Clifford and the disbursement of the proceeds was done in accordance with the Court order

b.      Likewise the Plaintiff submits that the Defendant owed a duty to both him and the lender to ensure that Mr. Livingston was not kept in the dark about the transaction.

c.      Other duties and breaches thereof may become apparent as discovery is completed.

Finally the Plaintiff submits that the question of the duty owed the Plaintiff is a question of fact to be determined by the fact finder in this case following a trial. The initial inquiry as to whether sufficient facts exist to place the issue before the fact finder in not properly the subject of this type of Motion but rather should be addressed thru a Motion for Summary Judgment at the conclusion of the Discovery which would go beyond the scope of the pleadings in its analysis.

### 4.      The Plaintiff is entitled to emotional distress damages

The Defendant argues that the Plaintiff is not entitled to emotional distress damages in this action. The Defendant relies upon Wagenmannn. v. Adams, 829, F. 2d 196 (1 st Cir, 1987). When doing so the Defendant characterizes this action as strictly one of legal malpractice. For the reasons outlined above the Plaintiff disagrees with this characation and urges the Court to reject this argument.

In addition the Defendant does not disclose nor is the Plaintiff able to locate any case law which prohibits the awarding of emotional distress damages to a Plaintiff in a legal malpractice case. The defendant knowing of the Plaintiff's existence and of his reliance upon her to act consistently with her legal duties and in accordance with the Court order could have reasonably foreseen the reliance by the Plaintiff upon the actions and omissions of the Defendant.

Finally the forseeability of such reliance goes beyond the scope of the pleadings and is again properly the subject of a motion pursuant to Rule 56

### 3,    **CONCLUSION**

For the foregoing reasons the Plaintiff, Richard Livingston respectfully requests that this Honorable Court deny the Motion of the Defendant and take such other action as it deems appropriate including permitting the Plaintiff to amend his pleadings at the appropriate time.

Respectfully Submitted


William E. Gately, Jr.
Law Office of William E. Gately, Jr.
400 Washington Street
P.O. Box 850920
Braintree, MA  02185
TEL. (781) 848-1200
BBO#:  549132


Dated: _____

**EXHIBIT 4**

| NOTICE TO THE PARTIES | DOCKET NUMBER<br>**200455CV000053** | **Trial Court of Massachusetts**<br>**District Court Department** |
|---|---|---|

CASE NAME **RICHARD LIVINGSTON vs. VICTORIA SCHEPPS**

| PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br>**D01 VICTORIA SCHEPPS**<br>6 CABOT PLACE<br>STOUGHTON, MA 02072 | CURRENT COURT<br>Stoughton District Court<br>1288 Central St.<br>Stoughton, MA 02072-4419<br>(781) 344-2131 |
|---|---|

| ATTORNEY FOR PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br>**D01 GEORGE C. ROCKAS**<br>WILSON, ELSER, MOSKOWITZ, EDELMAN<br>& DICKER, LLP<br>155 FEDERAL STREET<br>BOSTON, MA 02110 | PRETRIAL CONFERENCE SCHEDULED<br>ROOM/SESSION | ←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR<br>←←←← |
|---|---|---|

**TO THE PARTIES TO THIS CASE:**

The enclosed indicates the court's action in this matter.

Defendant, Victoria Schepps' Motion for Judgment on the Pleadings- ALLOWED after hearing on 3/10/05

| DATE ISSUED<br>03/15/2005 | CLERK-MAGISTRATE<br>C-M Donald M. Stapleton |
|---|---|

Date/Time Printed:    03/15/2005 12:06 PM

| JUDGMENT OF DISMISSAL | DOCKET NUMBER<br>**200455CV000053** | Trial Court of Massachusetts<br>District Court Department |  |
| --- | --- | --- | --- |

CASE NAME  **RICHARD LIVINGSTON vs. VICTORIA SCHEPPS**

| | |
| --- | --- |
| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>P01 RICHARD LIVINGSTON | CURRENT COURT<br>Stoughton District Court<br>1288 Central St.<br>Stoughton, MA 02072-4419<br>(781) 344-2131 |

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>D01 VICTORIA SCHEPPS | | ←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR |
| --- | --- | --- |
| | ROOM/SESSION | ←←←← |

PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
D01 VICTORIA SCHEPPS

    6 CABOT PLACE
    STOUGHTON, MA 02072

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
D01 GEORGE C. ROCKAS
    WILSON, ELSER, MOSKOWITZ, EDELMAN
    & DICKER, LLP
    155 FEDERAL STREET
    BOSTON, MA 02110

### JUDGMENT OF DISMISSAL

On the above action, upon motion, it is hereby Ordered and Adjudged by the Court, or judgment is hereby entered directly by the Clerk-Magistrate in accordance with the Massachusetts Rules of Civil Procedure, that this action be dismissed, and that the Plaintiff(s) take nothing (Crimmins, Jr., Hon. Francis T.).

### NOTICE OF ENTRY OF JUDGMENT

Pursuant to Mass. R. Civ. P. 54, 58, 77(d) and 79(a), this Judgment has been entered on the docket on the "Date Judgment Entered" shown below, and this notice is being sent to all parties.

| DATE JUDGMENT ENTERED<br>03/15/2005 | CLERK-MAGISTRATE/ASST. CLERK<br><br>**X** | |
| --- | --- | --- |

Date/Time Printed:    03/15/2005 12:10 PM                                                                FORM NO.

**EXHIBIT 5**

| NOTICE TO THE PARTIES | DOCKET NUMBER 200455CV000053 | Trial Court of Massachusetts District Court Department |  |
|---|---|---|---|

CASE NAME  **RICHARD LIVINGSTON vs. VICTORIA SCHEPPS**

| PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br>D01  VICTORIA SCHEPPS<br>6 CABOT PLACE<br>STOUGHTON, MA 02072 | CURRENT COURT<br>Stoughton District Court<br>1288 Central St.<br>Stoughton, MA 02072-4419<br>(781) 344-2131 |
|---|---|

| ATTORNEY FOR PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED<br>D01  GEORGE C. ROCKAS<br>WILSON, ELSER, MOSKOWITZ, EDELMAN<br>& DICKER, LLP<br>155 FEDERAL STREET<br>BOSTON, MA 02110 | ROOM/SESSION | ←←←←<br>WHEN<br>YOU<br>MUST<br>APPEAR<br>←←←←← |
|---|---|---|

**TO THE PARTIES TO THIS CASE:**

The enclosed indicates the court's action in this matter.

Plaintiff's Motion for Reconsideration, to vacate Judgment and to amend Complaint- DENIED after hearing.   4/28/05



| DATE ISSUED<br>04/28/2005 | CLERK-MAGISTRATE<br>C-M Donald M. Stapleton |
|---|---|

Date/Time Printed:   04/28/2005 04:05 PM

# COMMONWEALTH OF MASSACHUSETTS

**Norfolk, SS.**

**Stoughton District Court**
**CIVIL ACTION DOCKET**
**NO. 0455cv53**

```
************************
RICHARD LIVINGSTON    *
       Plaintiff      *
                      *
       V.             *
                      *
VICTORIA SCHEPPS      *
       Defendant      *
                      *
************************
```

*Denied after hearing*
*Cummins, J*
*4/28/05*

## PLAINTIFF'S MOTION FOR RECONSIDERATION, TO VACATE JUDGMENT AND TO AMEND COMPLAINT.

Now comes the Plaintiff and respectfully requests that this Court vacate the Judgment entered on March 15, 2005, reconsider its decision with respect to the Defendant's Motion to Dismiss the Complaint on the pleadings and to amend her Complaint.

The Court granted the Defendant's Motion on the basis that the Defendant owed no duty to the Plaintiff and therefore as a matter of law the Complaint could not succeed.

The Plaintiff respectfully submits that the Courts ruling was not in accordance with the governing law and respectfully requests that the Court reconsider its decision.

In addition in accordance with discovery recently conducted with respect to this case the Plaintiff respectfully requests permission to amend his complaint in accordance with the evidence pursuant to Rule 15 of the Massachusetts Rules of Civil Procedure.

In support of this motion the Plaintiff submits the following for the Courts consideration:

1.    The Plaintiff and his former spouse, Margaret Clifford jointly own property located at 15 Quarry Lane, Town of Milton, County of Norfolk, Commonwealth of Massachusetts.

COPY

APR 1 1 2005