UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 APR -3  A 10: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

SUFFOLK, SS                    DOCKET NUMBER 05-CV-11350-MLW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RICHARD LIVINGSTON          * | |
|           Plaintiff, Pro Se     * | |
|                                       * | |
| Vs.                                 * | |
|                                       * | |
| MORTGAGE SERVICE CENTER, INC.; * | |
| CUMEX, INC.;                    * | PLAINTIFFS MOTION IN |
| RAH FEDERAL CREDIT UNION;  * | OPPOSITION TO |
| CHITTENDEN BANK AND        * | DEFENDANT |
| VICTORIA SCHEPPS             * | VICTORIA SCHEPPS' |
|           Defendants             * | MOTION TO DISMISS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Rule 12 of the Federal Rules of Civil Procedure the Plaintiff, Pro Se, Richard Livingston opposes the Defendant Victoria Schepps' Motion to Dismiss for the following reason:

1.) **Exception to Res Judicata**

The Plaintiff, Pro Se, Richard Livingston's claim against Defendant Victoria Schepps was dismissed in the Stoughton District Court of the Commonwealth of Massachusetts on March 15, 2005 by Hon. Francis T. Crimmins, Jr.; because the Plaintiff, Pro Se, Richard Livingston's case was presented and characterized in the Stoughton District Court as a malpractice complaint against Defendant Victoria Schepps' by the Plaintiffs former Attorney William E. Gately, Jr. (now suspended from the practice of law). It was ruled by Hon. Francis T. Crimmins, Jr., that Defendant Victoria Schepps' owed no duty to the Plaintiff, Pro Se, Richard Livingston, because

1

no attorney client relationship existed between Defendant Victoria Schepps' and Plaintiff, Pro Se, Richard Livingston. The Question of MGL 93A could not have been dismissed in the Stoughton District court as the issue had never been presented. Therefore there has never been a ruling on the issue. Now, the Plaintiff makes claim under a different cause of action, - federal question based upon a violation of banking laws and Massachusetts General Law, Chapter 93A, Federal Trade Commission Act which prohibits deceptive acts and practices. The present federal level claim changes the quality in persons.

There are a few instances, despite Rule 18(a) when initial joinder of a particular claim is not available. In such cases res judicata myrmidon grudgingly steps aside to allow the Plaintiff to reenter the courthouse door. Here, the Plaintiff could not have included his federal theory in the first action because the federal courts have exclusive jurisdiction over federal questions. Consequently, the Plaintiff should not be barred from asserting the federal claim in a later suit.

*See Restatement (Second) of Judgments s 26(1)(c)(1982).*

    Exhibit A.
        Restatement (Second) of Judgments s 26(1)(c)(1982)
    Exhibit B.
        Victoria Schepps Memorandum of Law Stoughton District Court January 5, 2005.
    Exhibit C.
        Dismissal Stoughton District Court of the Commonwealth of Massachusetts on March 15, 2005 by Hon. Francis T. Crimmins, Jr.

2.) <u>FTC Act / MGL 93A</u>

A violation of the federal statutes FTC Act constitutes a violation of the Massachusetts Consumer Protection Act, GL 93A. The FTC Act, the Massachusetts Consumer Protection Act 93A prohibits deceptive acts and practices. The Massachusetts legislature determined that the public would benefit by allowing suits.

In conclusion, in Defendant Victoria Schepps' scope of employment she was fully aware and cognizant of her position as Agent for the respective Lending Institution when she as agent for lenders did not follow usual and customary banking business lending practices on the property at 15 Quarry Lane in violation of the Divorce Agreement Contract, Bankruptcy Court Order; and disbursed the funds to pay off personal debts of co-owner Margaret Clifford not authorized by the courts; further encumbering the Plaintiff, Pro Se, Richard Livingston property and eroding the Plaintiff's, equity position.

WHEREFORE, Plaintiff, Pro Se, Richard Livingston respectfully request that this honorable Court deny the Defendant Victoria Schepps' Motion to Dismiss and to allow the Plaintiff, Pro Se, Richard Livingston to present - Federal Question of Law.

Date April 3, 2006

Richard Livingston, Plaintiff, Pro Se,

_/s/ Richard Livingston_
Richard Livingston
149 Warren Avenue
Milton, Massachusetts 02186-2009
617-698-4333 HM

## CERTIFICATE OF SERVICE

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have this day _April 3, 2006_ notified Victoria Schepps, Attorney, George C. Rockas & Christopher Flanagan of Wilson, Elser, Moskowitz Edelman & Dicker LLP, 155 Federal Street, Boston, Massachusetts 02110

Date _April 3, 2006_  _Richard Livingston_
Richard Livingston
149 Warren Avenue,
Milton Massachusetts 02186-2009
617-698-4333 HM

Received by: _____

Date _____ Firm Stamp: _____

# Exhibit A

Case 1:05-cv-11350-MLW    Document 30-2    Filed 04/03/2006    Page 1 of 12

# The 'Lectric Law Library's Lexicon On
# * Res Judicata, Res Judicata And Collateral Estoppel *

Ads by Goooooogle

**Federal Courts**
Progressive Guide and Analysis on Judges and the Courts
www.AmericanProgress.org

**Reduce Judgment Debts**
Use our attorneys to lower judgment debts up to 70%, or services free!
www.bizdebts.com

**RES JUDICATA** - Lat. "the thing has been decided" The principle that a final judgement of a competent court is conclusive upon the parties in any subsequent litigation involving the same cause of action.

The general rule is that a plaintiff who has prosecuted one action against a defendant and obtained a valid final judgment is barred by res judicata from prosecuting another action against the same defendant where (a) the claim in the second action is one which is based on the same factual transaction that was at issue in the first; (b) the plaintiff seeks a remedy additional or alternative to the one sought earlier; and (c) the claim is of such a nature as could have been joined in the first action. Underlying this standard is the need to strike a delicate balance between the interests of the defendant and of the courts in bringing litigation to a close and the interest of the plaintiff in the vindication of a just claim.

The Full Faith and Credit Act, 28 U.S.C. S 1738, requires that federal courts "give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. " Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Oregon courts adhere to standard principles of claim and issue preclusion. See Rennie v. Freeway Transp., 294 Or. 319 (1982).

The difference between the two concepts has been succinctly described by Justice Potter Stewart: The federal courts have traditionally adhered to the related doctrines of res judicata [claim preclusion] and collateral estoppel [issue preclusion]. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the costs and

vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. Allen v. McCurry, 449 U.S. at 94. The collateral estoppel bar is inapplicable when the claimant did not have a "full and fair opportunity to litigate" the issue decided by the state court. Id. at 101. Thus, a claimant can file a federal suit to challenge the adequacy of state procedures.

## RECOGNIZED EXCEPTIONS

First, consent or tacit agreement is clear justification for splitting a claim. Restatement (Second) of Judgments S 26(1)(a), and comment a (1982). Because a primary purpose of claim preclusion is to protect defendants from being harassed by repetitive actions based on the same claim, the rule need not be enforced where the State and County have implicitly consented to the splitting of claim under state and federal laws. See Rennie, 294 Or. at 329 n. 9 (citing 18 Charles A. Wright, Arthur C. Miller & Edward H. Cooper, Federal Practice and Procedure S 4415 at 124-125; and Annot., 40 A.L.R.3d 108 (1971)).

Second, it may appear in the course of an action that the plaintiff is splitting a claim, but that there are special reasons that justify his doing so, and accordingly that the judgment in the action ought not to have the usual consequences of extinguishing the entire claim; rather the plaintiff should be left with an opportunity to litigate in a second action that part of the claim which he justifiably omitted from the first action. Restatement (Second) of Judgments S 26(1)(b).

The so called England reservation is available to litigants that are in state court "involuntarily" as a result of Pullman absention by the federal court. See England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411 (1964); see also Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941). England reservation applies when a litigant files a suit in federal court and the federal court stays proceedings to allow the state courts to consider state law questions. In such a situation, the litigant can inform the state court that she reserves federal issues for federal court. Id. at 421. By doing so, the litigant avoids the bar of res judicata upon return to federal court.

Res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits in a previous action involving the same parties and claims. In re Intl Nutronics, Inc., 28 F.3d 965, 969 (9th Cir.), cert. denied, 115 S. Ct. 577 (1994).

Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to res judicata effect. See 11 U.S.C. section 1141(a).

The decision of a legal or equitable issue, by a court of competent jurisdiction.

It is a general principle that such decision is binding and conclusive upon all other courts of concurrent power. This principle pervades not only our own, but all other systems of jurisprudence, and has become a rule of universal law, founded on the soundest policy. If, therefore, Paul sue Peter to recover the amount due to him upon a bond and on the trial the plaintiff fails to prove the due execution of the bond by Peter, in consequence of which a verdict is rendered for the defendant, and judgment is entered thereupon, this judgment, till reversed on error, is conclusive upon the parties,

and Paul cannot recover in a subsequent suit, although he may then be able to prove the due execution of the bond by Peter, and that the money is due to him.

The Constitution of the United States and the amendments to it declare, that no fact, once tried by a jury, shall be otherwise reexaminable in any court of the United States than according to the rules of the common law.

But in order to make a matter res judicata there must be a concurrence of the four conditions following, namely: 1. Identity in the thing sued for. 2. Identity of the cause of action; if, for example, I have claimed a right of way over Blackacre, and a final judgment has been rendered against me, and afterwards I purchase Blackacre, this first decision shall not be a bar to my recovery, when I sue as owner of the land, and not for an easement over it, which I claimed as a right appurtenant to My land Whiteacre. 3. Identity of persons and of parties to the action; this rule is a necessary consequence of the rule of natural justice: ne inauditus condemnetur. 4. Identity of the quality in the persons for or against whom the claim is made; for example, an action by Peter to recover a horse, and a final judgment against him, is no bar to an action by Peter, administrator of Paul, to recover the same horse.
--b--

**Small Claims Filing**
Do it Online. We are the cheapest! Your claim filed in 24 hours.

**Small Claims Court Help**
The American Legal Resource Center Free information - No obligation

**Judgment**
Locate Judgement Records for Anyone All 50 States access from $19

**GoodmanLaw**
Arizona debt coll levy, garnishmer

## Back To The Letter * R *

- The Lexicon's Lyceum Other Letters' Terms & Important Info.
- The Reference Room Dozens Of Legal Topic Areas
- The Rotunda Our Central Hub, Directory & Index

Court, Business and Personal Forms for all Situations and Locations

**'LLL's Premium Forms** · CLICK HERE ·

(This should open a new window. Close it when you're done and you may be back here.)

Legal D... Case 1:05-cv-11850-MLW   Document 30-12   Filed 04/03/2006   Page 4 of 12  3 of 3

**Exhibit B**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                STOUGHTON DISTRICT COURT
                                                            CIVIL ACTION NO. 0455-CV-53

RICHARD LIVINGSTON,
          Plaintiff

v.

VICTORIA SCHEPPS,
          Defendant

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, VICTORIA SCHEPPS' MOTION FOR JUDGMENT ON THE PLEADINGS**

### 2. There is no implied attorney-client relationship between Schepps and the plaintiff.

As set forth the above section, there is clearly no express attorney client relationship between Schepps and the plaintiff. Schepps also submits that the plaintiff is also unable to establish an implied attorney-client relationship.

In order to establish an implied attorney-client relationship, a plaintiff must show that (1) the plaintiff sought "advice or assistance from an attorney, (2) the advice or assistance sought pertained to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agreed to give or actually gave the desired advice or assistance." Miller, supra at 61, quoting, DeVaux v. American Home Assur. Co., 387 Mass. 814, 817 (1983). "All three requirements of this test must be met to establish the relationship." DaRoza v. Alter, 416 Mass. 377, 381 (1993).

The plaintiff is unable to meet any, let alone all, of the above criteria required to establish an implied attorney-client relationship with Schepps. The complaint contains no allegations that the plaintiff sought advice or assistance from Schepps, or that Schepps agreed to give any advice

or assistance to him. Accordingly, there was no implied attorney-client relationship, which might establish a duty to the plaintiff.

### 3. The plaintiff was a non-client to whom no duty was owed by Schepps.

In certain circumstances, an attorney may have a duty to a non-client. The doctrine of foreseeable reliance applies to establishing a duty to a non-client. See, e.g., Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524 (1989). A non-client must show the following in order to impose a duty on an attorney: (1) that he reasonably relied upon the subject legal services and (2) "that the attorney should reasonably foresee that the non-client will rely upon him for legal services." DeRoza, supra, n. 7. See also Lamare v. Basbanes, 418 Mass. 274, 276 (1994) ([a]bsent attorney-client relationship, court will recognize duty of reasonable care if attorney knows or had reason to know non-client is relying on services rendered).

The plaintiff cannot possibly establish foreseeable reliance with respect to the mortgage transaction since he was not involved in the transaction whatsoever. Since he did not know of the closing, presumably until after it occurred, he is unable to show that he relied upon Schepps' services in any manner that would allow him to establish that Schepps owed him a legal duty under this doctrine.

Even if there was foreseeable reliance, "where an attorney is also under an independent and potentially conflicting duty to a client," there can be no duty to a non-client See Spinner, supra. In determining whether a duty will be imposed upon an attorney to a non-client, "the appropriate inquiry concerns the entire legal representation" and whether there is the potential for conflict, rather than the presence of actual conflict. Spinner, supra at 554; Antonellis, supra at 609-610. Additionally, imposing a duty of care where there is a potential for conflicting interest would be inconsistent with Supreme Judicial Court Rule 3:07 and Canon 4. See Lamare, supra.

6

33026.1

The imposition of a duty to the plaintiff in this case would compromise Schepps' duty to her client in the mortgage transaction, the bank. See id. at 63. Thus, she could not have had a duty to the plaintiff (or Ms. Clifford, for that matter), as a non-client, since that duty would have been in conflict with her duty as closing attorney to the bank. See Logotheti v. Gordon, 414 Mass. 308, 312 (1993). See also, Antonellis, supra ("the court will not impose a duty of reasonable care [to a non-client] on an attorney if such an independent duty would potentially conflict with the duty the attorney owes to his or her client."); Spinner, supra ("where an attorney is also under an independent and potentially conflicting duty to a client, [courts] are less likely to impose a duty to nonclients"); DeRoza, supra at 383 ("[w]hen the situation involves potentially conflicting duties to the attorney's actual client and the third party claiming [the existence of a duty], 'we are less likely to impose a duty to nonclients'").

The case at bar involves potential conflicts between Schepps, who at all relevant times represented the mortgage lender at the closing, and the plaintiff, who was not a party to the transaction. Although not directly on point, the SJC has already recognized that numerous conflicts can develop between lenders and borrowers, and determined that it is the *potential* for these conflicts to develop, which militates against allowing a claim by a borrower against lenders' counsel to proceed. See Page, supra (emphasis supplied). The potential for conflict in the instant case is abundantly clear. Schepps represented the interests of the lender, not the borrower, and certainly not the plaintiff, who was not a party to the transaction. Since the state of the law precludes claims by borrowers against lender's counsel, see Page, there would be absolutely no legal basis for the plaintiff's claim against lender's counsel, Schepps, under the facts of this case.

### C. PLAINTIFF IS NOT ENTITLED TO EMOTIONAL DISTRESS DAMAGES.

In Massachusetts, emotional distress damages in a legal malpractice case are recoverable only where the alleged malpractice resulted in a loss of liberty. See e.g. Wagenmann v. Adams,

7

33026.1

829 F.2d 196 (1st Cir. 1987) (legal malpractice resulted in client's civil commitment to mental hospital).  See also Massachusetts Superior Court Civil Practice Jury Instructions § 18.7.2. Schepps is unaware of any case in which emotional distress damages were held to be recoverable in a legal malpractice action, which does not involve loss of liberty.

The refusal to recognize an emotional distress claim in a legal malpractice action is consistent with the general requirement in a negligence action that a plaintiff can only recover for reasonably foreseeable damages. See e.g., McGuiggan v. New England Tel. & Tel. Co., 398 Mass. 152, 155 (1986); Wiska v. St. Stanislaus Social Club, Inc., 7 Mass.App. 813, 818 (1979) ("It is basic that a defendant cannot be held liable unless the injury was a foreseeable consequence of the negligent act."). See also Dziokonski v. Babineau, 375 Mass. 555, 567 (1978) (a defendant is liable "for the natural and probable consequences of his conduct."). In general, the only foreseeable consequence from an attorney's negligence is an economic loss. Wehringer v. Powers & Hall, 874 F.Supp. 425, 429 (D.Mass. 1995). The allegations against Schepps in the complaint are based solely on her providing legal services for a lender in a real estate closing. The only foreseeable consequence of any alleged negligence in this regard is economic loss. Any alleged emotional distress damage sustained by the plaintiff is too remote to be considered a reasonably foreseeable result of Schepps' legal work in conjunction with the closing.

## V. CONCLUSION

For the foregoing reasons, the defendant, Victoria Schepps respectfully requests that this Honorable Court enter judgment on the pleadings in her behalf.

8

33026.1

Respectfully Submitted,

VICTORIA SCHEPPS,

By her attorneys,

_____
George C. Rockas, BBO# 544009
Christopher P. Flanagan, BBO# 567075
Wilson, Elser, Moskowitz, Edelman
   & Dicker, LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: January 3, 2005

## CERTIFICATE OF SERVICE

I, Christopher P. Flanagan, hereby certify that I have this 3rd day of January 2005 served the foregoing document, by first class mail, postage prepaid, upon counsel of record.

_____
Christopher P. Flanagan

9

33026.1

**Exhibit C**

Case 1:05-cv-11350-MLW    Document 30-2    Filed 04/03/2006    Page 11 of 12

| JUDGMENT OF DISMISSAL | DOCKET NUMBER<br>200455CV000053 | Trial Court of Massachusetts<br>District Court Department  |
|---|---|---|

CASE NAME  RICHARD LIVINGSTON vs. VICTORIA SCHEPPS

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>P01 RICHARD LIVINGSTON | CURRENT COURT<br>Stoughton District Court<br>1288 Central St.<br>Stoughton, MA 02072-4419<br>(781) 344-2131 |
|---|---|

| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>D01 VICTORIA SCHEPPS | | ⇐⇐⇐⇐⇐<br>WHEN YOU MUST APPEAR |
|---|---|---|
| | ROOM/SESSION | ⇐⇐⇐⇐⇐ |

PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
D01 VICTORIA SCHEPPS
    6 CABOT PLACE
    STOUGHTON, MA 02072

ATTORNEY FOR PARTY TO WHOM THIS COPY OF JUDGMENT IS ISSUED
D01 GEORGE C. ROCKAS
    WILSON, ELSER, MOSKOWITZ, EDELMAN
    & DICKER, LLP
    155 FEDERAL STREET
    BOSTON, MA 02110

### JUDGMENT OF DISMISSAL

On the above action, upon motion, it is hereby Ordered and Adjudged by the Court, or judgment is hereby entered directly by the Clerk-Magistrate in accordance with the Massachusetts Rules of Civil Procedure, that this action be dismissed, and that the Plaintiff(s) take nothing (Crimmins, Jr., Hon. Francis T.).

### NOTICE OF ENTRY OF JUDGMENT

Pursuant to Mass. R. Civ. P. 54, 58, 77(d) and 79(a), this Judgment has been entered on the docket on the "Date Judgment Entered" shown below, and this notice is being sent to all parties.

| DATE JUDGMENT ENTERED | CLERK-MAGISTRATE/ASST. | |
|---|---|---|
| 03/15/2005 | X | |

Date/Time Printed:  03/15/2005 12:10 PM      FORM NO.