UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD LIVINGSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>MORTGAGE SERVICE CENTER, INC.,<br>CUMEX, INC., RAH FEDERAL CREDIT<br>UNION, CHITTENDEN BANK, and<br>VICTORIA SCHEPPS,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 05-CV-11350-MLW |

## DEFENDANTS' JOINT STATEMENT

Defendants Mortgage Service Center, Inc., Cumex, Inc., RAH Federal Credit Union, Chittenden Bank, and Victoria Schepps (collectively, the "Defendants" and collectively with Plaintiff the "Parties") have conferred with pro se plaintiff Richard Livingston but have been unable to agree with him on the appropriate form for a Joint Statement under Local Rule 16.1(D). Defendants have, however, agreed among themselves as to the appropriate form and thus submit this Joint Defense Statement. Plaintiff's proposed Joint Statement and Agenda in the form received by defendants as a "Completed Draft," is attached hereto at Tab A.

*Proposed Pretrial Schedule* - Defendants' position is that the preparation of a pretrial schedule is premature in light of the pendency of Defendants' motions to dismiss. Defendants submit that should any portion of Plaintiff's case survive the pending motions to dismiss, they will diligently work with Plaintiff to submit a proposed pretrial schedule within 30 days of the Court's ruling on the motions to dismiss. The proposed pretrial schedule would include a

discovery plan and a proposed schedule for the filing of additional motions. Defendants

maintain that all discovery should be stayed pending the court's resolution of their motions to

dismiss. To date, Plaintiff has not initiated any discovery, and as set forth on pages 7 and 13-14

of his "Joint Statement," Plaintiff is prepared to defer to the court with respect to the setting of a

discovery and motion schedule.

     *Certifications* - Attached hereto at Tab B are certifications signed by counsel and by an

authorized representative of each defendant affirming that each defendant has conferred with

counsel: (a) with a view to establishing a budget for the costs of conducting the full course -- and

various alternative courses -- of litigation; and (b) to consider the resolution of the litigation

through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

     *Agenda* - Defendants' proposed agenda for the February 6, 2007 Conference is attached

hereto at Tab C.


                    Respectfully submitted,

                    MORTGAGE SERVICE CENTER, INC.,
                    CUMEX, INC., and CHITTENDEN BANK

                    By their attorneys,

                    /s/ David J. Apfel
                    David J. Apfel (BBO # 551139)
                    GOODWIN PROCTER LLP
                    Exchange Place
                    Boston, MA 02109-2881
                    (617) 570-1000

RAH FEDERAL CREDIT UNION

By its attorneys,

/s/ Harvey Weiner
Harvey Weiner (BBO # 519840)
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
(617) 951-2100


VICTORIA SCHEPPS

By her attorneys,

/s/ Christopher P. Flanagan
Christopher P. Flanagan (BBO # 567075)
Wilson, Elser, Moskowitz, Edelman and
    Dicker, LLP
155 Federal Street
Boston, MA  02110


Dated:  January 29, 2007

LIBA/1760421.1

3

# EXHIBIT A

Completed Draft 1-21-07 1:52 PM
*NOTE: <u>Reserve right to add to, prior to deadline for filing</u>*

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                     **DOCKET NUMBER 1:05-CV-11350-MLW**

```
*************************************
Richard Livingston                    *
                  Plaintiff, Pro Se   *
          Vs.                         *        AGENDA
Mortgage Service Center, Inc. Cumex, Inc*
Chittenden Bank, Inc RAH Federal Credit*
Union, Victoria Schepps               *
                  Defendants          *
*************************************
```

### JOINT STATEMENT

Pursuant to the Court's December 18, 2006 Notice of Scheduling Conference and Additional Matters (the "Notice"), Plaintiff Pro Se Richard Livingston and Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., Randolph Avon Holbrook - Federal Credit Union (RAH Federal C.U.), Victoria Schepps submit the following Joint Statement:

**I    OBLIGATION TO CONFER**

Plaintiff Pro Se Richard Livingston and Counsel David Apfel for Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., Counsel Harvey Wiener for Defendant Randolph Avon Holbrook - Federal Credit Union (RAH Federal C.U.) and Counsel Christopher Flanagan for Defendant Victoria Schepps certify that they have conference, telephonically and through correspondence for the purposes outlined in the Notice.

**II    AGENDA OF MATTERS TO BE DISCUSSED AT THE**
**FEBRUARY 6, 2007 SCHEDULING CONFERENCE**

   **A. <u>Plaintiff's Claims /Issues Presented</u>**

    **I.**       Whether, the Debtor/Plaintiff Pro Se, Richard Livingston's Stay of Execution Protection under the United States Bankruptcy Code was violated by the Defendants Mortgage Service Center, Inc.,

CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, Victoria Schepps. When; they knew or should have known that the property was under the control of the United States Bankruptcy Court. When; they had and obligation to see that the mortgage holders of the first and second mortgages had met all the required banking rules and regulations before moving on this loan application. When; they failed to authenticate the accuracy of documents presented by Defendant MBTA Employees C.U. (Richard Livingston v. M.B.T.A. Employees Credit Union C.A. No.:1:05-CV-11349-RCL) and R.A.H. - Federal Credit Union accepted and facilitated a fraudulent loan application.

II.    Whether, the Plaintiff Pro Se Richard Livingston's privacy rights were violated pursuant to Massachusetts Consumer Protection Act Massachusetts General Law Chapter 93A and Federal Trade Commission Act (FTC Act), 15 U.S.C., SEC. 45(a)(1) When; Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, Victoria Schepps, transferred data, records, files, documents, and personal property, of the Plaintiff Pro Se Richard Livingston without Plaintiff's notification, consent, or written authorization.

III.   Whether, the Plaintiff Pro Se Richard Livingston's Financial Privacy Rights were violated by Unfair and Deceptive Business Practices in Violation of the Gramm-Leach-Bliley Act of 1999 when; Plaintiff Pro Se Richard Livingston's Financial records were transferred by Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps. When; they violate all the tenants of commonly held state and federal banking practices when; without Plaintiff Pro Se Richard Livingston's written authorization, notification, or consent before, during or after interstate dissemination (between Massachusetts and Vermont Lending Institutions) of personal, confidential financial records, files, and documents were swapped.

IV.    Whether, Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, maliciously condoned unorthodox behavior to prevail in creating a loan application when they failed to produce the properly required Quitclaim Deed showing Plaintiff Pro Se Richard Livingston's ownership in the property located at 15 Quarry Lane, Milton Commonwealth of Massachusetts, in the County of Norfolk. Hand typed "Exhibit A" in place of a proper Quitclaim Deed filed with the loan application and Norfolk County Registrar of Deeds which has and continues to cause the Plaintiff

2

Pro Se Richard Livingston's title to his property to be clouded. When; on March 31, 2003 a Certified Title Search revealed a defective discharge and loan, clouding the title of the Plaintiff Pro Se Richard Livingston's property. Rendering the Plaintiff Pro Se Richard Livingston's property insurable but not marketable because the title is no longer clear and without errors. When; the Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps failed to establish clear title before lending.

V.      Whether, Defendant Victoria Schepps produced with malice "Exhibit A" hand typed deed with book and page of previous owner attached to loan application to purposely mislead the lending institution to the conclusion that the title was held solely by Margaret Clifford and not the separate but equal tenants in common ownership of Plaintiff Pro Se Richard Livingston, leaving the titled property located at 15 Quarry Lane, Milton Commonwealth of Massachusetts, in the County of Norfolk exposed to the hazard of litigation because of the deliberate attempt to make the property insurable and not marketable. Thus the title is no longer free from encumbrance that had been the case for ninety years before this transaction; any deal would fail at closing when this would become exposed to all parties. Preventing the Plaintiff from enjoying the Divorce Nici contract clause which entitles the Plaintiff to sell the property on June 29, 2005. Something that would cause any fair minded and reasonable man/women to believe they clearly had an obligation to check and double check the accuracy of the documents submitted before final approval of One Hundred and Sixty Thousand dollar note.

VI.     Whether, Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps further violated by Unfair and Deceptive Business Practices in Violation of the Gramm-Leach-Bliley Act of 1999 when; they change, or allowed to be altered an appraisal produced and paid for by the Plaintiff Pro Se Richard Livingston for the Defendant MBTA Employees C.U. (Richard Livingston v. M.B.T.A. Employees Credit Union C.A. No.:1:05-CV-11349-RCL) and change it to read Mortgage Service Center, Inc in Vermont some five months later in order to facilitate the loan on the Plaintiff's property which was prohibited under both the Appraiser Code of Ethics and the Gramm-Leach-Bliley Act of 1999 all of which was unbeknown to the appraiser himself.

VII.    Whether, Defendant CUMEX, Inc unrecognized by both Secretary of States and Commissioners of Banks in the states of

3

Massachusetts and Vermont used unfair and deceptive lending practices in violation of Massachusetts Consumer Protection Act Massachusetts General Law Chapter 93A and Federal Trade Commission Act (FTC Act), 15 U.S.C., SEC. 45(a)(1). When; facilitated this loan application knowing it did not have clear title to do so when; Plaintiff Pro Se Richard Livingston was on the deed as Tenant in Common owner.

VIII.    Whether, Defendant Chittenden Bank of Vermont, Inc used unfair and deceptive lending practices in violation of Massachusetts Consumer Protection Act Massachusetts General Law Chapter 93A and Federal Trade Commission Act (FTC Act), 15 U.S.C., SEC. 45(a) (1) When; facilitated this loan application knowing it did not have clear title to do so when; Plaintiff Pro Se Richard Livingston was on the deed as owner. When; as soon as Defendants were informed on August 15, 2001 by Owner/Plaintiff Pro Se Richard Livingston of the issue, Defendant sold the note to RAH Federal Credit Union for one dollar.

IX.    Whether, Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps further violated by Unfair and Deceptive Business Practices violation of privacy. When; Violating the right of privacy enshrined in our Constitution. "The Fourth Amendment indicates that the American people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable seizures." In his famous 1890 law review article – The Right to Privacy – Louis Brandeis posited that the common law had come to recognize that among the basic human rights was "the right to be let alone." Courts and Legislatures have been called upon to interpret, implement, and enforce these constitutional rights and principles over centuries, in the process developing a careful jurisprudence which balances individuals' privacy interests against legitimate law enforcement and national security needs. That task has become more challenging as technological innovations and new business practices have simultaneously enhanced consumer convenience and resulted in more widespread and easier dissemination of information about individuals' identities and preferences. I place a strong premium on protecting privacy in the face of these new practices and Developments." Congressman Martin T. Meehan.

X.    Whether, Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps further violated by Unfair and Deceptive Business Practices violation of privacy. When; Violated

4

Public Policy when "Congress has in fact legislated to protect personal privacy in other context. The Gramm-Leach-Bliley Act of 1999 prohibits financial institutions from disclosing non-public personal information to unaffiliated third parties without providing customers the opportunity to decline to have such information disclosed. I would have preferred that a stronger privacy protection for consumers have been included in this legislation. However, I voted for the Gramm-Leach-Bliley conference report because – unlike prior versions of the legislation – language was included in the bill that allows stronger state law privacy protections to preempt the federal provisions." Congressman Meehan. Massachusetts Consumer Protection Act Massachusetts General Law Chapter 93A and Federal Trade Commission Act (FTC Act), 15 U.S.C., SEC. 45(a) (1)

XI.        **NOTE: _Reserve right to add to, prior to deadline for filing_.**

## B.  Settlement Proposal and Response

### (1) Plaintiff's Settlement Proposal

**$500,000.00 (Five Hundred Thousand Dollars)** in compensation for six years that Plaintiffs life has been in turmoil over the deliberate attempt by all parties involved in this case and related litigation (Richard Livingston v. M.B.T.A. Employees Credit Union C.A. No.: 1:05-CV-11349-RCL) to make the Plaintiff Pro Se, Richard Livingston a non-entity in the financial decisions surrounding Plaintiffs Bankruptcy and Plaintiffs property located at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County. Plaintiff Pro Se, Richard Livingston, will entertain any reasonable offer. Each of the Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., RAH Federal Credit Union, and Victoria Schepps, have not offered any settlement figures.

### (2) The Defendants Response

**RESPONSE of** Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps **To be included**

## C.  Alternative Dispute Resolution

### (1)  Plaintiff's ADR Proposal

After perusing L.R. 16.4 several times, it would be counter productive to engage in Alternative Dispute Resolution, for the following reasons: (1.) The Federal Questions in place are of such a complex nature that the threshold of ADR is too low to decide the issue of Bankruptcy Code Violations. (2.) Unfair and deceptive lending practices in violation of Massachusetts Consumer Protection Act Massachusetts General Law Chapter 93A and Federal Trade Commission Act (FTC Act), 15 U.S.C., SEC. 45(a)(1). (3.) Gramm-Leach-Bliley Act of 1999.

### (3)  The Defendants Response

**RESPONSE of** Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps **To be included**

## D.  Trial by Magistrate Judge

### (1)  Plaintiff's Proposal

NO! Plaintiff Pro Se, Richard Livingston does not consent to trial by Magistrate for the following reason: Pursuant to Federal Rules of Civil Procedure - Exemptions: The following class of cases are exempt from this rule, Pro Se Litigant. Due to the suspension which will likely lead to the disbarment of Plaintiff's former counsel, Richard Livingston has filed as a Pro Se Litigant.

### (2)  The Defendants Response

**RESPONSE of** Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps **To be included**

## E.  Discovery

### (1)  Plaintiff's Proposal

The Plaintiff Pro Se Richard Livingston will abide by Federal Rules of Civil Procedure, Rule 26.1 (a)-(c) or instructions from the bench. The Defendants attorneys have intimated to the Plaintiff Pro Se Richard Livingston during conference call to set a discovery schedule could be a waste of time on two fronts 1.) In

consideration if Honorable Judge Wolf grants their Motion to
Dismiss. 2.) In light of how long it takes Honorable Judge Wolf to
make a decision it could be upwards of a year or two before this
case is heard. On both counts Plaintiff Pro Se Richard Livingston
at the mercy of the court see no problem, letting the Honorable
Judge Wolf make the determination to set the calendar schedule.

### (2) The Defendants Response

**RESPONSE of** Defendants Mortgage Service Center, Inc.,
CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal
Credit Union, and Victoria Schepps **To be included**

## F.  Filing of Dispositive Motion

### (1) Plaintiff's Proposal

The Plaintiff will support scope of discovery to those required by
the Local Rules of Civil Procedure utilizing the allotted
depositions and interrogatories and only that, which is germane to
the issues presented.

### (2) The Defendants Response

**RESPONSE of** Defendants Mortgage Service Center, Inc.,
CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal
Credit Union, and Victoria Schepps **To be included**

## III    CONCISE SUMMARY OF THE PARTIES' POSITIONS

### A.    Livingston's Position  I & II

## Plaintiff Pro Se, Richard Livingston
## POSITION STATEMENT

The Plaintiff, Pro Se, Richard Livingston maintains and asserts the following:

## I.  DISSEMINATING PLAINTIFF'S FINANCIAL INFORMATION

The Defendant RAH Federal Credit Union, held a second mortgage on Plaintiff,
Pro Se, Richard Livingston property located at 15 Quarry Lane, Milton, Commonwealth
of Massachusetts, Norfolk County, from 1995 until July 27, 2001.

At which time the Defendants Mortgage Service Center, Inc., CUMEX, Inc.,
Chittenden Bank of Vermont, Inc., RAH Federal Credit Union, Victoria Schepps,
entombed the assets and encumbered by clouding the title of the Plaintiff's property at 15
Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County, by transferring

data, records, files, documents, and personal property without the Plaintiff, Pro Se, Richard Livingston's notice, knowledge, consent or written authorization, and made a loan that encumbered plaintiff's only asset.

Plaintiff, Pro Se, Richard Livingston brings the Court's attention to the only Relief from Stay granted by the Bankruptcy Court to Margaret Clifford and no other creditor. However in reciting the Bankruptcy Court's order which reads, "It is hereby Ordered, Adjudged and Decreed that that the Automatic Stay in the above Bankruptcy proceeding is vacated and extinguished for all purposes as to the Movant, her assignees and/or successors in interest, and the Movant may proceed to assert her rights against the Debtor within the divorce proceeding between the Debtor and Clifford and more fully described in <u>Livingston v. Livingston, Norfolk County Probate and Family Court, Docket No. 97D1237-D1</u> by means any means necessary, all pursuant to applicable state and federal law." Upon granting the Motion for relief of Automatic Stay the Bankruptcy Court did not:

**a.**   grant Margaret Clifford the right to enter into a new mortgage without notice to Plaintiff, Pro Se, Richard Livingston;

**b.**   grant Margaret Clifford the right to enter into a new mortgage at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County, while the Bankruptcy case was still open;

**c.**   grant Margaret Clifford or any one the right to encumber the property with a new mortgage to the detriment of the Bankruptcy estate and the remaining Creditors;

**d.**   grant Margaret Clifford the right to encumber the property with a new mortgage when this property was the only asset available to satisfy all of the Bankruptcy Estate Creditors;

**e.**   grant Margaret Clifford the right to satisfy some of the Bankruptcy estate Creditors while prejudicing others.

**f.**   grant Margaret Clifford the right to payoff her personal debt while ignoring many of the bankruptcy and marital debt creditors.

The Relief of Automatic Stay from the Bankruptcy Court; the Divorce Agreement Contract; and Orders of the court, did not deny the Plaintiff, Pro Se, Richard Livingston the right to notification or declare him a non-entity on any action on the Defendants M.B.T.A. (<u>Richard Livingston v. M.B.T.A. Employees Credit Union C.A. No.: 1:05-CV-11349-RCL</u>) first mortgage or R.A.H. - Federal Credit Union's second mortgage held on the Plaintiff Pro Se Richard Livingston's property at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County.

The Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, release of documents without notification to Plaintiff Pro Se Richard Livingston assisted in creating and securing the refinancing of Plaintiff Pro Se Richard Livingston's asset which was protected by the U.S. Bankruptcy Court. The Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, were fully aware of the Bankruptcy filing as they had a copy of the filing, some of whom were notified by the US Bankruptcy Court that the property held at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County was a

protected asset on the Plaintiff matrix. One document used in the refinancing was the Defendant M.B.T.A. (<u>Richard Livingston v. M.B.T.A. Employees Credit Union C.A. No.: 1:05-CV-11349-RCL</u>) appraisal paid for by Plaintiff Pro Se Richard Livingston via/check from his former attorney. This appraisal (personal property of the Plaintiff) and subsequently altered to read Mortgage Service Center and not MBTA Employees Credit Union was the basis for which the loan was created.

## LIABILITY & RELIEF SOUGHT

The Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, allowed the Plaintiff Pro Se Richard Livingston's property located at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County, to be garnished by assisting in the creation of a loan entombing the Plaintiffs, property by transferring data, records, files, and documents without the Plaintiff Pro Se Richard Livingston's notification, consent or written authorization. The Plaintiff Pro Se Richard Livingston relied on the Defendant, M.B.T.A. (<u>Richard Livingston v. M.B.T.A. Employees Credit Union C.A. No.: 1:05-CV-11349-RCL</u>) and R.A.H. - Federal Credit Union's duty to notification before releasing Plaintiff's personal and confidential financial records in violation of the Gramm-Leach-Bliley Act of 1999, as he was the borrower and member.

The Defendant M.B.T.A. (<u>Richard Livingston v. M.B.T.A. Employees Credit Union C.A. No.: 1:05-CV-11349-RCL</u>) on their own document Mortgage Payoff Inquiry Form misrepresented the identification of inquirer as Plaintiff Pro Se Richard Livingston as borrower seeking the information on the account when in fact the Plaintiff never requested payoff figures. In fact it was Defendants CUMEX, Inc. and Victoria Schepps were the actual requesters. The Defendants MBTA Employees Credit Union and RAH Federal Credit Union had obligatory conduct duty to notify the first and second mortgage holder Plaintiff Pro Se Richard Livingston when transferring, releasing etc papers for the purpose of creating a loan on Plaintiff's asset. They also had an executory duty to get approval before during and after the transaction from the United State Bankruptcy Court.

The Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, along with Defendant MBTA Employees Credit Union are responsible for encumbering the property and clouding the Title of the Plaintiff Pro Se Richard Livingston's asset at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County. A March 31, 2003 Certified Title Search of the Deed revealed the existence of an outstanding claim that is not valid. The cloud reflects the original mortgage of $107, 000.00 held by Defendant, MBTA Employees Credit Union that in fact had been paid off. Thus the Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, have impaired the Plaintiff Pro Se Richard Livingston's equity position.

## BANKRUPTCY:

The Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, assisted in

harming Plaintiff Pro Se Richard Livingston when violating his Bankruptcy protection, by providing payoff figures without permission and working in tandem with outside lenders to relief the Defendant R.A.H. - Federal Credit Union of the responsibility of a second mortgage on Plaintiff Pro Se Richard Livingston property at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County while it was under the control of United States Bankruptcy Court.

## APPRAISAL:

A January 18, 2001 appraisal which was held by the Defendant MBTA (Richard Livingston v. M.B.T.A. Employees Credit Union C.A. No.: 1:05-CV-11349-RCL) which was the personal and confidential property of the Plaintiff Pro Se Richard Livingston was used in an unusual, uncustomary and unheard of unfair and deceptive lending practice by altering it to appear that it was produced for Defendants Mortgage Service Center, Inc., to create the loan which encumbered, Plaintiff Pro Se Richard Livingston's property at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County, while it was under the control of United States Bankruptcy Court and violated the Gramm-Leach-Bliley Act of 1999. Plaintiff Pro Se Richard Livingston never gave a written authorization or release for anyone to use, change or alter this appraisal nor did the appraiser.

## RELIEF SOUGHT:

Plaintiff, Pro Se, Richard Livingston, asks the sum of **$610,000.00** in compensation for: pain, suffering, emotional distress, loss, of equity calculated as follows:

## PUNITIVE:
*Rational:*  Calculated @ 3 times ½ property value ($170,000) of ($340,000)
> Based on the 2001 appraisal without appreciation = $510,000
>> *(Calculation is dependant on acceptant of 93A claim)*

Conduct of Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, demonstrates intent, malice, willfulness, and reckless disregard for Plaintiff Pro Se Richard Livingston's federal protected rights under the United States Bankruptcy Code, Massachusetts Consumer Protection Act Massachusetts General Law Chapter 93A, Federal Trade Commission Act (FTC Act), 15 U.S.C., SEC. 45(a)(1) and Gramm-Leach-Bliley Act of 1999. Any amount adjudged must be sufficient to deter agents, representatives or any employees of defendant corporations from repeating such conduct against a member of a vulnerable populace debtor in bankruptcy in the future. Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, on two fronts, first, when they took the decision and denied the Debtor/Plaintiff Pro Se Richard Livingston's right to decide the disposition of his asset under United States Bankruptcy Code. Second, when they allowed in direct violation of Gramm-Leach-Bliley Act of 1999 disregarding Debtor/Plaintiff Pro Se Richard Livingston's as an entity when they released financial files to others without

10

knowledge, consent or written authorization of the Plaintiff Pro Se Richard Livingston and entombed his asset by encumbering his equity ownership position with a loan.

**PAIN AND SUFFERING:**
*Rational:*    Calculation 365 Days X 6 Yrs. = 2,190 days X 24 Hrs.
            = 52,560 Hrs. @ $30.00. Hr. (used as value hourly scale) = $1,576,800.00
        The United States Bankruptcy Court left the Plaintiff Pro Se Richard Livingston with the only asset, his ½ interest in property at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County. The entombment of the Plaintiff's primary asset through negative banking (unfair and deceptive) practice caused the Plaintiff exasperation of preexisting documented medical illnesses.

**EMOTIONAL DISTRESS:**
*Rational:*    Calculated at ½ punitive = $255,000 and pain and
            Suffering = $1,576,800.00 = $1,831,800.00
        The Plaintiff Pro Se Richard Livingston suffered a negative impact on his psych caused by the taking of his asset through the workings of the Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, when; through their agents, allowed the transfer of records, files, documents which were used to refinance the only asset held by the Plaintiff Pro Se Richard Livingston. The failure to notify the Plaintiff when the R.A.H. - Federal Credit Union, had a duty to the Plaintiff to notify made it impossible for the Plaintiff to oppose the refinancing and encumbrance of his property, which was under the protection of the US Bankruptcy Court. The conduct of the Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, created the mess we have today.

        The Plaintiff has lost all control, enjoyment of his asset because the Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, action has clouded the title of the property at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County. The property was to be sold June 29, 2005 (Livingston v. Livingston, Norfolk County Probate and Family Court, Docket No. 97D1237-D1) cannot be sold, transferred, etc. until the cloud caused by these transaction has been corrected.

**LEGAL FEES/EXPENSES:**
*Rational:*    The Plaintiff has incurred legal fees and expenses for the last four years of
            approximately $3,000.

**EQUITY  POSITION:**
*Rational:*    The Plaintiff as Tenant-in-Common held a single ½ interest in the property
            at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk
            County, approximately ($170,000) **Based on the 2001 appraisal without
            appreciation.**
The property Title Deed prior to the Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, action was clear of any errors or flaws for ninety years (90); today the Title on

11

the property 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County is insurable but unmarketable because of these clouded transactions.

---

## II  BANKRUPTCY CODE, AUTOMATIC STAY PROTECTION

To be completed

## LIABILITY & RELIEF SOUGHT

The Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, violated specifically, the provision of Title 11 App. Federal Part IV Rule 4001 Section 362 of the Bankruptcy Code Stay of Execution when; their collusion created an unfair and deceptive practice causing the Plaintiff Pro Se Richard Livingston to be deprived of his property.

## RELIEF SOUGHT:

The Compensation for violation of Bankruptcy Code Pro Se Richard Livingston, asks this Honorable Court compensation for violations of the Bankruptcy Code Stay of Execution which caused the Plaintiff Pro Se Richard Livingston to be deprived of his interest in the property to be encumbered in direct conflict with the law and Public Policy

**Plaintiff, Pro Se, Richard Livingston, asks the sum of $100,000.00 in compensation for pain, suffering, emotional distress, loss, of equity calculated as follows:**

## PUNITIVE:

*Rational:*     Calculation 365 Days X 24 Hrs. = 8,760 Hrs @ $30.00 Hr. (used as value hourly scale) = $262,800.00

Conduct of The Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, demonstrates intent, malice, willfulness, and reckless disregard for Plaintiff Pro Se Richard Livingston's federally protected rights under the United States Bankruptcy Code. The Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, violated specifically, on two fronts, first, when they took the decision and denied the Debtor/Plaintiff Pro Se Richard Livingston's right to decide the disposition of his asset under United States Bankruptcy Code. Second, when they allowed in direct violation of Gramm-Leach-Bliley Act of 1999 disregarding Debtor/Plaintiff Pro Se Richard Livingston's as an entity when they released financial files to third parties without knowledge, consent or written authorization of the Plaintiff Pro Se Richard Livingston and entombed his asset by encumbering his equity ownership position with a loan.

**PAIN AND SUFFERING:**
*Rational:*    Calculation 365 Days X 24 Hrs. = 8,760 Hrs @ $30.00 Hr. (used as value
            hourly scale) = $262,800.00

        Plaintiff Pro Se Richard Livingston's stress level was elevated as a direct cause of
The Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of
Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps, removed the
Plaintiff from the Quitclaim Deed by inserting a hand typed "Exhibit A" as the deed as
part of the loan application costing the Plaintiff Pro Se to spend time money and energy
over these past five years to right the wrongs of their past injustice. This unfair and
deceptive practice has caused the property to be insurable but not marketable.

**EMOTIONAL DISTRESS:**
*Rational:*    Calculated at ½ punitive = $131,400.00 + Pain & Suffering $262,800.00 =
            $394,200.00

        Plaintiff, Pro Se, Richard Livingston suffers a negative impact on his psyche over
these five years as he has been force to take on these multi-million and multi-billion
dollar corporations in this David verse Goliath struggle against the best and brightest
lawyers from the most prestigious law firms, only to protect his separate but equal tenant
in common ½ asset and be compensated for the harm they have caused.


**TOTAL SUM FOR RELIEF SOUGHT:**

        Plaintiff Pro Se Richard Livingston, asks the sum of **$610,000.00** in
compensation for pain, suffering, emotional distress, loss, of equity calculated over the
six years on the dissemination of personal financial information in violations of Gramm-
Leach-Bliley Act of 1999, Federal United States Bankruptcy Code, the Massachusetts
Consumer Protection Act Massachusetts General Law Chapter 93A and Federal Trade
Commission Act (FTC Act), 15 U.S.C., SEC. 45(a)(1).

---

**B.    The Defendants Position and Response**

        **RESPONSE of** Defendants Mortgage Service Center, Inc., CUMEX, Inc.,
        Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and
        Victoria Schepps **To be included**


**IV.    JOINT DISCOVERY PLAN**

        **(1) Plaintiff's Proposal**

        The Plaintiff Pro Se Richard Livingston will abide by the directive of this
        Honorable Court to limit discovery to develop information for realistic

information assessment of the case as set forth in the Federal Rules of Civil Procedure, Rule 26(b) ONLY.

**(2) The Defendants Response**

**RESPONSE of** Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps **To be included**

V.       **PROPOSED SCHEDULE FOR THE FILING OF MOTIONS**

**(1) Plaintiff's Proposal**

The Plaintiff Pro Se Richard Livingston will abide by the directive of this Honorable Court to limit discovery to develop information for realistic information assessment of the case as set forth in the Federal Rules of Civil Procedure, Rule 26(b) ONLY.

**(2) The Defendants Response**

**RESPONSE of** Defendants Mortgage Service Center, Inc., CUMEX, Inc., Chittenden Bank of Vermont, Inc., R.A.H. - Federal Credit Union, and Victoria Schepps **To be included**

VI.      **RELATED LITIGATION**

This case is factually related to a second lawsuit filed which is pending with the United States District Court, District of Massachusetts Defendant (Richard Livingston v. M.B.T.A. Employees Credit Union C.A. No.:1:05-CV-11349-RCL) The Defendant in this case has filed a Motion to Dismiss, which Plaintiff Pro Se Richard Livingston has opposed.

VII.     **CERTIFICATION OF THE PLAINTIFF AND DEFENDANTS COUNSEL TO AIM TO AMICABLY RESOLVE ALL ISSUES**

Date _January 22, 2007_              Richard Livingston, Plaintiff, Pro Se,

                                     _Richard Livingston_
                                     Richard Livingston
                                     149 Warren Avenue
                                     Milton, Massachusetts 02186-2009

617-698-4333 HM

CERTIFICATE OF SERVICE  **ATTACHED**

14

## CERTIFICATE OF SERVICE

I, Richard Livingston, Plaintiff Pro Se hereby swear and affirm that I have this day
January 22, 2007 corresponded by email and Registered Receipt Requested First Class
United States Postal Service

Attorney for the Defendant Victoria Schepps
Christopher Flanagan, Esquire
Wilson, Elser, Moskowitz, Edelman and Dicker, LLP
155 Federal Street
Boston, MA. 02110

Attorney for the Defendants Mortgage Service Center, CUMEX, Chittenden Bank
David J. Apfel, Attorney at Law
Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA. 02109

Attorney for the Defendant R.A.H. – Federal Credit Union
Harvey Weiner, Esquire
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA. 02110

Date January 22, 2007                    Richard Livingston, Plaintiff, Pro Se,

                                         Richard Livingston
                                         149 Warren Avenue
                                         Milton, Massachusetts 02186-2009

617-698-4333 HM

15

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD LIVINGSTON,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE SERVICE CENTER, INC.,<br>CUMEX, INC., RAH FEDERAL CREDIT<br>UNION, CHITTENDEN BANK, and<br>VICTORIA SCHEPPS,<br><br>Defendants. | C.A. No.: 05-CV-11350-MLW |

### CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3) OF DEFENDANTS MORTGAGE SERVICE CENTER, INC., CUMEX, INC., AND CHITTENDEN BANK

Defendants Mortgage Service Center, Inc., Cumex, Inc., and Chittenden Bank (collectively, "Defendants"), through an authorized representative of Chittenden Trust Company,[1] and Defendants' counsel in this matter hereby certify that they have conferred with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of litigation, and to consider the resolution of litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

---

[1] For the reasons set forth in Defendants Mortage Service Center, Inc.'s, Cumex, Inc.'s and Chittenden Bank's Motion to Substitute Party-Defendant, dated March 16, 2006, CHITTENDEN TRUST COMPANY is the real party-in-interest that should replace defendants Mortgage Service Center, Cumex and Chittenden Bank.

Respectfully submitted,

CHITTENDEN TRUST COMPANY

By: _F. Sheldon Prentice_
    F. Sheldon Prentice, S.V.P., General Counsel
      and Secretary
    Its Authorized Representative

Counsel for Defendants,
MORTGAGE SERVICE CENTER, INC.,
CUMEX, INC. and CHITTENDEN BANK

By: /s/ David J. Apfel
    David J. Apfel (BBO #551139)
    GOODWIN PROCTER LLP
    Exchange Place
    Boston Massachusetts 02109-2881
    (617) 570-1000

Dated:  January 29, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD LIVINGSTON,
            Plaintiff

v.                                                      CIVIL ACTION NO. 05-11350-MLW

MORTGAGE SERVICE CENTER, INC.,
CUMEX, INC., RAH FEDERAL CREDIT
UNION, CHITTENDEN BANK and
VICTORIA SCHEPPS,
            Defendants

## CERTIFICATION BY DEFENDANT, VICTORIA SCHEPPS, PURSUANT TO L.R. 16.1(D)(3)

The defendant, Victoria Schepps, and her counsel, hereby certify to this Court that they

have conferred:

(a)     with a view to establishing a budget for the costs of conducting the full course –

and various alternative courses – of the litigation; and

(b)     to consider the resolution of litigation through the use of alternative dispute

resolution programs such as those outlined in L.R. 16.4.

VICTORIA SCHEPPS,

By her attorneys,

_/s/  Christopher P. Flanagan_
Christopher P. Flanagan, BBO# 567075
WILSON ELSER
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: 1/25/07

Dated: 1/2/07

Victoria Schepps

72584.1

**CERTIFICATE OF SERVICE**

I, Christopher P. Flanagan, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a copy of this document has been served, this 25ᵗʰ day of January 2007, by first class mail, postage prepaid, on the plaintiff *pro se*.

/s/ Christopher P. Flanagan
Christopher P. Flanagan

2

72584.1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

RICHARD LIVINGSTON
Plaintiff

v.

CIVIL ACTION NO. 05-CV11350-MLW

MORTGAGE SERVICE CENTER, INC.,
CUMEX, INC., RAH FEDERAL CREDIT
UNION, CHITTENDEN BANK, and
VICTORIA SCHEPPS
Defendants

## DEFENDANT, RAH FEDERAL CREDIT UNION'S,
## CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

Defendant, RAH Federal Credit Union ("Defendant") and its counsel in this matter hereby

certify that they have conferred:

    (a)    with a view to establishing a budget for the costs of conducting the full course, and

    various alternative courses, of litigation; and

    (b)    to consider the resolution of litigation through the use of alternative dispute

    resolution programs such as those outlined in LR 16.4.

Respectfully submitted,
Defendant,
RAH FEDERAL CREDIT UNION,

By _Christin Mooney_

Dated: January _9_, 2007

Respectfully submitted,
Counsel for Defendant,
RAH FEDERAL CREDIT UNION,

/s/ Harvey Weiner
Harvey Weiner, Esquire, BBO #519840
PEABODY & ARNOLD, LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: January _11_, 2007

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD LIVINGSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>MORTGAGE SERVICE CENTER, INC.,<br>CUMEX, INC., RAH FEDERAL CREDIT<br>UNION, CHITTENDEN BANK, and<br>VICTORIA SCHEPPS,<br><br>        Defendants. | C.A. No.: 05-CV-11350-MLW |

## DEFENDANTS' PROPOSED AGENDA FOR FEBRUARY 6TH CONFERENCE

1.  Motion to Dismiss -- Argument on pending motions to dismiss.

2.  Motion to Substitute Party-Defendant -- Consolidation and ruling on pending Motion of Defendant's Mortgage Service Center, Inc., CUMEX, Inc. and Chittenden Bank to substitute Chittenden Trust Company as the real party-in-interest.

3.  Scheduling -- Consideration of Defendants' proposal that all discovery be stayed pending resolution of the motions to dismiss.

4.  Potential for Settlement -- Plaintiff has submitted a written settlement demand. Defendants will be prepared to respond to that demand at the February 6, 2007 conference, if necessary.

5.  ADR and Consent to Trial By Magistrate -- Parties will be prepared to discuss these issues. Defendants' position on ADR and/or trial before a magistrate judge is that it is premature to consider either until after the court rules on the pending motions to dismiss. Plaintiff's position on ADR and trial by a magistrate judge is set forth at page 6 of Plaintiff's "Joint Statement."

6.    <u>Additional Issues</u> -- To be identified by Plaintiff.

Respectfully submitted,

MORTGAGE SERVICE CENTER, INC.,
CUMEX, INC., and CHITTENDEN BANK

By their attorneys,

/s/ David J. Apfel
David J. Apfel (BBO # 551139)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000


RAH FEDERAL CREDIT UNION

By its attorneys,

/s/ Harvey Weiner
Harvey Weiner (BBO # 519840)
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA  02110
(617) 951-2100


VICTORIA SCHEPPS

By her attorneys,

/s/ Christopher P. Flanagan
Christopher P. Flanagan (BBO # 567075)
Wilson, Elser, Moskowitz, Edelman and
    Dicker, LLP
155 Federal Street
Boston, MA  02110


Dated:  January 29, 2007
LIBA/1760427.1