UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD LIVINGSTON<br>       Plaintiff<br><br>v.<br><br>MORTGAGE SERVICE CENTER, INC.,<br>CUMEX, INC., RAH FEDERAL CREDIT<br>UNION, CHITTENDEN BANK, and<br>VICTORIA SCHEPPS<br>       Defendants | CIVIL ACTION NO. 05-CV11350-MLW |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR CONSOLIDATION OF CASES LR 40.1(J)**

---

Defendants hereby oppose Plaintiff's Motion for Consolidation for the following reasons:

1. *Mootness* – The case with which Plaintiff seeks to consolidate the instant matter is captioned *Richard Livingston v. MBTA Employees Credit Union*, Civil Action No. 05-11349-RCL (the "MBTA Case"). On February 7, 2007, Judge Lindsay granted summary judgment to the defendant in the MBTA Case on all claims. As a consequence of that ruling, the MBTA Case is effectively concluded. There is no longer a case with which to consolidate this matter. As a result, Plaintiff's motion to consolidate is moot.

2. *Delay* – Defendants' motions to dismiss have been pending in this Court since March 20, 2006, *i.e.,* for nearly eleven months. A hearing date has been long set, and the motions to dismiss are ripe for decision. Defendants are concerned that consolidation at this late date will cause unnecessary delay.

3. *Expense* – The instant matter is entirely frivolous, and Defendants have already incurred substantial expenses in defending themselves against Plaintiff's baseless allegations.[1] If this case were consolidated with the MBTA Case, it is likely that at least another round of briefing would be necessary, and Defendants would inevitably have to incur additional expenses. This would be unfair and unjust. The case has already taken up too much time,[2] and caused too much distraction. Enough is enough.

4. *Plaintiff's Choice* – Plaintiff himself initiated the two cases as separate actions. He shouldn't now, at this late date, and on the eve of a hearing on Defendants' motions to dismiss, be allowed to consolidate cases he chose to bring separately.

5. *Delay in Resolution of MBTA Case* – With the granting of defendant's motion for summary judgment in the MBTA Case, that case is ready for final judgment. Consolidation will cause unnecessary delay in the entry of final judgment in that case, and thus prevent defendant MBTA from promptly achieving the resolution to which it is entitled.

---

[1] As Plaintiff himself notes in his motion to consolidate, this case and the MBTA Case "involve substantially the same … question[s] of fact and law…." In this regard, Judge Lindsay's summary judgment decision highlights the frivolous nature of Plaintiff's claims.

[2] Defendant attorney Victoria Schepps alone has already had to contend for over three years with various and sundry frivolous cases brought by Plaintiff – first in state court (already dismissed) and now here. For her to be forced to incur additional expenses and delay, and additional distraction from her law practice, would be wrong.

WHEREFORE, Plaintiff's Motion for Consolidation should be denied, and this case should go forward Tuesday with the long scheduled hearing on defendants' motions to dismiss..

        Respectfully submitted,
        FOR THE DEFENDANTS,

        RAH FEDERAL CREDIT UNION,
        By its attorney,

        /s/ Harvey Weiner
        Harvey Weiner, Esquire
        BBO #519840
        PEABODY & ARNOLD, LLP
        30 Rowes Wharf
        Boston, MA 02110
        (617) 951-2100
        hweiner@peabodyarnold.com

        MORTGAGE SERVICE CENTER, INC.
        CUMEX, INC. and
        CHITTENDEN BANK,
        By their attorney,

        /s/ David J. Apfel
        David J. Apfel, Esquire
        BBO #551139
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109-2881
        (617) 570-1000

        VICTORIA SCHEPPS,
        By her attorney,

        /s/ Christopher Flanagan
        Christopher Flanagan, Esquire
        BBO #519840
        WILSON, ELSER, MOSKOWITZ,
        EDELMAN and DICKER, LLP
        155 Federal Street
        Boston, MA 02110
        (617) 422-5300

## CERTIFICATE OF SERVICE

      I, David J. Apfel, counsel for the Defendant, RAH Federal Credit Union, do hereby certify, that I have this date, served the **Defendants' Opposition to Plaintiff's Motion for Consolidation of Cases LR 40.1(J)**, by causing a copy thereof, to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF) and paper copies mailed, first class mail, postage prepaid to any non registered participants in this case.

      /s/ David J. Apfel
      David J. Apfel

Dated: February 9, 2007

LIBA/1764153.1